[No. 667. Decided November 17, 1892.]

## TACOMA RAILWAY & MOTOR COMPANY, *Respondent*, v. J. H. CUMMINGS, *Appellant*.

### APPEAL—ORDER SETTING ASIDE AWARD.

Under §§ 426, 429, Code Proc., when an arbitration of the differences between parties has failed for any reason, the superior court is clothed with full jurisdiction to proceed to a final determination of the controversy, and an order of such court setting aside the award of the arbitrators is not such a final order as will sustain an appeal. (STILES, J., dissents.)

*Appeal from Superior Court, Pierce County.*

*Marshall K. Snell (Burke, Shepard & Woods,* and *Charles E. Shepard,* of counsel), for appellant.

*Crowley & Sullivan,* and *Campbell & Powell,* for respondent.

The opinion of the court was delivered by

HOYT, J.——This was a proceeding under chapter 13, title VII, of the Code of Procedure, by which appellant and respondent agreed to an arbitration of the differences between them.    The arbitrators heard the controversy, and a majority of them made out an award which was duly filed in court, as required by § 426.    Exceptions thereto were duly filed by the respondent and upon a hearing thereof the award was set aside by the court.    From such order this appeal has been prosecuted.    Respondent moves to dismiss, on the ground that the order appealed from is not such a final order as will sustain the appeal.    Upon the argument upon such motion counsel for the respective parties are practically agreed that its determination must depend upon the question as to whether or not the power of the trial court over the proceeding was absolutely ended and determined by the making of the order setting aside the report of the arbitrators.    If such proceedings were so ended by such order, it must be held to be a final one within the meaning of our statute as to appeals.    If, on the other hand, the making of such order did not fully determine the cause in the lower court, it was not of that final nature which would sustain an appeal.

The briefs of the respective counsel upon this question have been prepared with elaboration, and the question discussed with great ability, both from the standpoint of reason and authority.    The decision must necessarily largely depend upon the terms of our statute.    The authorities cited by the respective counsel, and the care which is shown to have been exercised by them in making such citations, satisfy us that the exact question presented for our decision has not been decided by any court under a statute just like ours.    Therefore, we can get but little aid from the citation of authorities.

An arbitration at common law was of such a nature that the decision of the arbitrators was not subject to control by the courts, excepting by a formal action brought for that purpose, but it is perfectly clear from our statute that the arbitration therein authorized is entirely different, so far as the question of the control of the award by the court in which it is required to be filed is concerned. Under our statute the award is not so far a finality that in itself it can be in any manner enforced against the defeated party until it has been acted upon by the court. Before it gets any force which can be made available by the successful party, a judgment must be rendered thereon by the court into which it is returned. If no exceptions are filed against such award within the time prescribed by law, such judgment follows as matter of course. If, however, exceptions are filed as authorized by statute, then the court is called upon to determine whether or not such exceptions are well taken. If it decides that none of them are well taken, the report is confirmed, and the judgment rendered thereon as though no exceptions had been filed. But if the court sustains any of said exceptions, then it is its duty to set aside the award. And the important question presented to us for decision is the *status* of the controversy between the parties when any of the exceptions have been sustained, and the award for that reason set aside. Sec. 426, above referred to, directs that the court shall treat the award as the verdict of a jury, and authorizes the same proceedings upon said award, and with like effect, as though said award were the verdict of a jury in a civil action. This language would seem to indicate an intention on the part of the legislature that upon the filing of such award the court should become possessed of the controversy, and that if the same was set aside for any reason the *status* of the controversy would be like that of a civil action after the setting aside for any cause of a verdict rendered therein by a jury. If

such was not the intention of the legislature, the language used at the close of said section is inappropriate and not such as would have been likely to have been employed. A fair interpretation of such language would indicate that the court was thereby clothed with more power than to simply set aside the award. The authority to proceed upon such award as though it were a verdict in a civil action seems to better warrant the contention of respondent than that of appellant. If, however, this was the only provision of the statute in regard to the duty of the court in proceeding upon such award, it is possible that the contention of the appellant that an order setting aside such award terminated the power of the court in regard thereto could be sustained. But in § 429 it is expressly provided that if it shall appear to the court that the arbitrators have committed error in fact or law it may refer the cause back to the arbitrators with directions for them to amend the award forthwith, and on their failure so to correct said proceedings the court shall be possessed of the case, and proceed to its determination.

From this provision it will be seen that the duty of the court to proceed and determine is clear, when the arbitration has failed because of the neglect or refusal of the arbitrators to comply with the direction of the court. The language of the statute is, that upon such a contingency the court shall be possessed of the case, and proceed to its determination. From an examination of all the provisions of the section above quoted it will appear that the contingency which will authorize the court thus to proceed is that the arbitration has failed. But if either of the other grounds of exception are sustained, the arbitration has as fully failed without any such referring back to the arbitrators as it has under the contingency mentioned in said section after the matter has been so referred back, and the arbitrators have refused to comply with the direction of the

court.    There is no reason that we can see why the court
should be held to be authorized to proceed to a final deter-
mination when the arbitration has failed for one reason
more than for another.    If it was the intent of the statute
that the court should thus proceed to try and determine
when the arbitrators had neglected their duty by failing to
comply with the directions of the court, we can see no rea-
son whatever why it should not be held to be thus possessed
of the case when the arbitration had failed by reason of the
misbehavior or corruption of the arbitrators.    In the light
of said § 429 it seems clear to us that we must interpret
the provisions of § 426 as having been intended to clothe
the court with full jurisdiction of the controversy to pro-
ceed to a final determination whenever the arbitration had
failed, and that the only object in enacting said § 429 was
to give the parties to the arbitration the benefit of a full
determination by the arbitrators if they were qualified and
willing to act, even although they had made a mistake in
their first award.    Every arbitration is entered into in view
of the law upon the subject, and every party to such ar-
bitration consents to such jurisdiction on the part of the
court in regard to the controversy as has been by law pro-
vided.    And the law having provided that the filing of
such award with the written agreement to submit the same
to arbitration should give the court jurisdiction of the per-
sons of the parties to the arbitration and of the subject-
matter of the controversy, every one entering into such an
arbitration must be held to have consented thereto.    In
our opinion, then, the order setting aside the award of the
arbitrators did not determine the controversy in the court
below, and was not such a final order as will sustain an ap-
peal to this court.

The appeal must be dismissed.

ANDERS, C. J., and DUNBAR and SCOTT, JJ., concur.

STILES, J. (*dissenting*). — It seems to me that the court has erred in its treatment of this case by an unnecessary attempt at construction.    To my mind § 426 is complete in itself.    If no exceptions are filed, judgment is to be entered as upon the verdict of a jury, and execution issues; but if the last part of the section be taken to mean that before judgment the same proceeding may be had upon the award as may be taken to set aside a verdict (which is not admitted) confusion ensues.    The proceeding to be taken to get rid of a verdict is to move for a new trial in the same court before another jury.    But the terms of §§ 428 and 429 preclude this.    The exceptions are laid before another tribunal, which sits as a court of review, and upon discovering error it *may* (which I interpret *must*) refer the case back to the arbitrators, directing the amendment of the award forthwith.    If there is failure to secure the correction in this manner, the court becomes possessed of the case and determines it, if it can, from what is reported to it; otherwise the whole proceeding fails.    But according to the decision of the majority, this case must now go back to the court below for a trial upon new evidence, before a jury probably, which is not at all what the parties stipulated for.

I hold the conclusion of the court below to have amounted to a final determination of the arbitration, because the stipulation was to submit the case to two men who should choose a third, and one of the three was found to have been disqualified to sit as an arbitrator at all.    The court also found that there were errors both of law and fact in the award; and had there been competent arbitrators it would have been its duty to refer the award back to them for correction.    But the disqualification of one arbitrator left it impossible to refer, and the court became possessed of the case and empowered to proceed to its determination.    It did then determine it by setting aside the entire award and

ordering the costs taxed to Cummings, which is the judgment appealed from. Now Cummings had the award, and it seems to me that when that award is totally set aside, and the costs are taxed to the formerly successful party that ought to be enough to show that the court was about through with the case, although there is no formal statement that nothing is found to be due from one party to the other.