[No. 829.  Decided April 20, 1893.]

W. H. SURBER AND FRANK EAGAN, *Appellants*, v. C. H. KITTENGER *et al.*, *Respondents*.

SUIT IN EQUITY CHANGED TO ACTION AT LAW.

Although an action may be commenced as an equitable one, yet, where there is nothing to give a court of equity jurisdiction thereof, the court has authority to permit it to be tried as an action at law, if the defendant is not thereby prevented from having a fair trial.

*Appeal from Superior Court, Whatcom County.*

*Fairchild & Rawson*, for appellants.

*Beriah Brown, jr.*, for respondent Burns.

•

The opinion of the court was delivered by

SCOTT, J.— This action was brought to foreclose a mechanic's lien to recover the sum of $2,855. The claim arose upon a contract for driving piles upon tide lands, and a lien was sought to be enforced against a wharf erected thereon. The complaint prayed for a personal judgment against the defendants, and also that the amount be decreed a lien upon the structure in question. Judgment by default was entered against certain of the defendants for the amount claimed. Frank Burns, the respondent, appeared and filed an answer. When the case was called for trial the plaintiffs announced to the court that they waived any claim to a lien for the reason that there was no foundation therefor, the title to the land being in the state, and the structure consequently not being subject to a mechanic's lien, and they demanded that the cause be tried by a jury as an action at law. The defendant objected to this on the ground that the pleadings showed that the cause was an equitable one. The court overruled the objection, and a jury was called and trial had which resulted in a verdict for the plaintiffs. The defendant filed a motion to quash this verdict and dismiss the action upon the grounds that the suit was instituted in equity for the purpose of foreclosing the lien, and, as there was no foundation for a lien, the court had no jurisdiction to proceed with the cause, and it should have been dismissed, thus attempting to renew the question previously disposed of. The court granted this motion, set aside the verdict and dismissed the action, and plaintiffs appealed.

The ruling of the court in quashing the verdict and dismissing the cause was erroneous. Although the action was originally commenced in equity the court had authority to permit it to be tried as an action at law, there being nothing to give a court of equity jurisdiction thereof. The court

16—6 WASH.

did this, and a trial was had, which, to all appearances, was a fair one, as there was no claim made by the defendant that he was surprised in any way or prevented from having a fair trial by reason of the action of the court in the premises.

Judgment reversed, and cause remanded with a direction to enter judgment upon the verdict in favor of the plaintiffs.

DUNBAR, C. J., and HOYT, ANDERS and STILES, JJ., concur.