[No. 3608.    Decided October 17, 1901.]

WILLIAM DICKERSON, *Appellant,* v. CITY OF SPOKANE, *Respondent.*

EQUITABLE ASSIGNMENT — ORDER UPON CITY FOR FUNDS DUE UNDER CONTRACT FOR PUBLIC WORKS.

Where a contractor for the construction of water works for a city gives an order upon the city for the payment to a third person of a certain sum out of any moneys due or to become due under his contract with the city, such order, when filed with the proper accounting officer of the city, constitutes an equitable assignment of any of the funds in the possession of the city belonging to the contractor.

SAME — ACTION ON — SUFFICIENCY OF COMPLAINT.

In an action upon such equitable assignment, the complaint is proof against general demurrer, when it sets up the written order, which in itself imports a consideration, supported by the averment that it was given in payment for labor performed by plaintiff; and that it was delivered to the comptroller of the city and payment demanded, but that said officer retained the order and subsequently settled with the maker thereof in full, without paying plaintiff any part of the sum due him.

SAME — RELIEF IN ACTION AT LAW.

Under the system of code procedure, whereby the distinction between actions at law and suits in equity is abolished, an action at law is maintainable upon an equitable assignment.

PARTIES — OBJECTIONS TO DEFECT OF PARTIES — WHEN RAISED.

A defect of parties defendant cannot be urged as a ground of objection to the introduction of testimony at the trial.

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER, Judge. Reversed.

*James Dawson,* for appellant.

*A. G. Avery,* for respondent.

The opinion of the court was delivered by

REAVIS, C. J.—The complaint states that respondent is a municipal corporation; that in January, 1895, one R. A. Jones was constructing a water works system for respondent, by virtue of a contract then subsisting between Jones and respondent, known as the "Waterworks Contract;" that respondent had agreed to pay Jones about the sum of $355,000 for such work, to be paid in half monthly installments during the progress of the work; that on the 27th day of January, 1895, Jones made his order in writing as follows:

"Spokane, Washington, January 27, 1895.
To the City Comptroller of the City of Spokane, Washington:
Please pay to Wm. Dickerson, the sum of $294 out of any moneys belonging to me or that may hereafter be due me from the city of Spokane on the waterworks contract, either in twenty per cent. reserve or on account of money to be due me on account of final estimate on said waterworks contract. Said sum of $294 to bear interest at the rate of one and one-half per cent. per month until paid; which principal sum and interest please pay in the manner aforesaid.

R. A. Jones,"

and delivered the same to appellant, who thereupon delivered the order to the comptroller and demanded payment thereof; that the comptroller took said order, and has ever since retained the same, and now has the same in his office; that the sum of money mentioned therein was due appellant for labor performed about said contract

by Jones, and that, at the time said order was delivered to the comptroller, respondent had in its possession and owed to Jones a large sum of money in the twenty per cent. reserve on account of the contract, and also owed Jones money on account of semi-monthly payments due on the contract; that since the presentation of such order the respondent has paid Jones out of the proceeds of such contract large sums of money, but has neglected and refused to pay appellant any part so due him; that since the presentation of said order to the comptroller the contract for the construction of the said system of water works has been completed, and the same has been accepted by respondent, which has made final settlement with Jones upon said contract; that no part of the money due upon said order has been paid to appellant on the part of either respondent or Jones. A general demurrer was interposed to the complaint, which was submitted without argument and overruled. At the trial, objection was made by the respondent to the introduction of any evidence in the cause upon the ground that the complaint did not state a cause of action, which objection was sustained, and judgment entered dismissing the cause.

Objection is made by counsel for appellant to the form of the objection to his testimony offered at the trial, and to the form in which the court ruled upon the same; but it is not deemed material to further notice these objections, in view of the determination of the action on its merits. Certainly the written order from Jones, when filed by appellant with the proper accounting officer of the city, was an equitable assignment of any of the funds belonging to Jones in the possession of respondent. This seems to have been determined in *Seattle v. Liberman,* 9 Wash. 276 (37 Pac. 433); 2 Am. & Eng. Enc. Law (2d ed.), 1059. We do not think the objection that the com-

plaint does not plead a consideration for the order is tenable. The order in writing signed by the drawer *prima facie* imports consideration, especially in connection with the fact that it was in payment of labor performed for Jones under his contract. It is also urged by respondent that a court of law will not recognize an equitable assignment, and that a suit in equity is necessary. This objection would doubtless be good under the old authorities, but it does not apply to our system of procedure. The case of *Grain v. Aldrich,* 38 Cal. 514 (99 Am. Dec. 423), seems to be pertinent. The objection was there made to the assignment because there was no allegation that defendants assented to it. The allegation was, "of which said assignment the defendants have had due notice." The court observed:

"This is not an allegation that the defendants knew of the assignment at the time it was made, and assented to it, or that they afterwards did so. It is merely an allegation of the notice, which an assignee of such a demand as that declared on is required to give, in order to stop payment to his assignor, and thus secure to himself the subject of the assignment. In view of what has been said, we must agree with counsel for defendants, that had the plaintiffs gone, under the English practice, into a court of law, upon the facts stated in their complaint, they could not have been allowed to recover. And if they could not have amended their complaint so as to show an express assent to the assignment by the defendants, they would have been finally told they were in the wrong forum. But under the system of practice which prevails in this state, such results do not follow. Legal and equitable relief are administered in the same forum, and according to the same general plan. A party cannot be sent out of court merely because his facts do not entitle him to relief *at law,* or merely because he is not entitled to relief *in equity,* as the case may be. He can be sent out of court only when, upon his facts, he is entitled to *no relief,* either at law or in equity."

Again, as to the nature of the relief, this principle is affirmed in *Hurlbutt v. N. W. Spaulding Saw Co.,* 93 Cal. 55 (28 Pac. 795), where the court observed:

"There is in this state but one form of civil actions for the enforcement or protection of private rights and the redress or prevention of private wrongs (Code Civ. Proc., § 307); and the facts constituting the cause of action are required to be stated in ordinary and concise language. . . . Here the plaintiffs stated in their complaint their cause of action in clear and intelligible language, and the defendants answered thereto. The court was therefore authorized to try the case as made, and to grant any relief embraced in the issues."

It was ruled in *Surber v. Kittenger,* 6 Wash. 240 (33 Pac. 507), that "although an action may be commenced as an equitable one, yet, where there is nothing to give a court of equity jurisdiction thereof, the court has authority to permit it to be tried as an action at law, if the defendant is not thereby prevented from having a fair trial."

The suggestion that all parties were not before the court seems to be met by the allegation of the complaint which shows that respondent had settled with the drawer of the order and paid him in full. At any rate, this objection could not be made to the introduction of testimony at the trial on the ground of an insufficiency of defendants brought into the case.

The complaint is not very definite in the allegation of the authority of the comptroller, but, as against a general objection, we think it may be inferred that he was the city officer upon whom notice to the city should be served. The notice of the assignment of the demand must be brought properly to the city.

We conclude the complaint states a cause of action, and the judgment of dismissal is therefore reversed, with di-

rections for further proceedings in accordance with this opinion.

FULLERTON, DUNBAR and ANDERS, JJ., concur.