[No. 4376. Decided July 19, 1904.]

WILLIAM DICKERSON, *Appellant,* v. CITY OF SPOKANE, *Respondent.*[1]

CONTRACTS—CONSTRUCTION—CITY ORDER—PAYABLE FROM CERTAIN FUND. An order, drawn upon a city by a contractor constructing water works, requesting payment of a certain sum "out of any moneys belonging to me, or that may hereafter be due me . . . on the water works contract, either in the twenty per cent reserve, or on account of money to be due me on account of final estimate," is payable only out of said reserve or final estimate, and not out of semimonthly payments falling due as the work progressed.

MUNICIPAL CORPORATIONS — ORDER PAYABLE ACCORDING TO ITS TERMS — CITY COMPTROLLER'S ADMISSION. A city comptroller, upon filing an order on the city, drawn by a contractor, has no power to bind the city or create a liability beyond the terms of the order, by stating that it is all right and would be paid.

SAME—PLEADING AND PROOF—ORIGINAL CONSIDERATION FOR ORDER WHEN INADMISSIBLE. In an action upon an order, drawn by a contractor upon a city, seeking to recover thereon and not on the original consideration, evidence showing that such consideration was labor or material furnished the contractor, making it a preferred claim, is inadmissible, although such consideration is alleged in the complaint, as plaintiff cannot assert that the order is payable otherwise than according to its terms.

Appeal from a judgment of the superior court for Spokane county, Bell, J., entered January 11, 1902, upon the verdict of a jury rendered in favor of the defendant. Affirmed.

*James Dawson,* for appellant.

*John P. Judson, A. H. Kenyon,* and *E. O. Connor,* for respondent.

PER CURIAM.—This is an action brought by appellant, William Dickerson, against the city of Spokane, defend-

1Reported in 77 Pac. 730.

ant and respondent, in the superior court of Spokane county, on a certain written order for the payment of money, issued by one R. A. Jones to appellant, as follows:

"Spokane, Washington, January 27th. 1895. "To the City Comptroller of the City of Spokane. Dear Sir: Please pay to William Dickerson the sum of $294 out of any moneys belonging to me, or that may hereafter be due me from the city of Spokane, on the water works contract, either in the twenty per cent reserve, or on account of money to be due me on account of final estimate on said water works contract. Said sum of $294 to bear interest at the rate of one and one half per cent per month until paid, which principal sum and interest please pay in the manner as aforesaid. R. A. Jones."

This cause was here on a former appeal taken by appellant from a judgment of dismissal, rendered by the lower court at the first trial on the ground that the complaint did not state facts sufficient to constitute a cause of action. The judgment of the superior court was reversed and the case remanded. 26 Wash. 292, 66 Pac. 381. The allegations upon which the present cause of action is founded sufficiently appear from the opinion of this court delivered on the former appeal, which renders it unnecessary to restate such averments in this connection. The amended answer of the city of Spokane denies the material allegations of the complaint charging it with any liability whatever to appellant by reason of the drawing and presentation of the above written order to respondent, admits that it has neglected and refused to pay the same, and avers that, under the contract between R. A. Jones and the respondent city, "it was expressly provided that defendant should not be obliged to accept or pay orders like the one described in the complaint." It is alleged in the first affirmative defense, "That at no time, since the filing of said order, has the defendant had any

money or funds of said R. A. Jones subject thereto, nor has said Jones, at any time since said order was filed, had any credit or account with said defendant, on account of said contract or otherwise, from which said order, or any part thereof, could be paid." The reply denies the allegations of new matter contained in the above answer. The cause came on for trial before the lower court and a jury. Verdict was rendered and judgment entered in favor of respondent city, and plaintiff, William Dickerson, appeals.

On January 5, 1894, R. A. Jones and the city of Spokane entered into a written contract for the construction of a water works system for such city, for the consideration of $339,880, to be paid Jones, the contractor, by the respondent city in the manner and amounts, and at the times, therein provided. This contract contains the following provision with reference to the times and manner of payments:

"And the said city of Spokane, hereby agrees to make payment of the said sum for said work in manner and at the times following, to wit: Said payments to be made semimonthly, on or about the first and fifteenth day of every month, upon estimates of the value of the materials delivered at the site, and the labor performed upon the said work, during the preceding half month, . . . less 20 per centum of the amount of each estimate, which 20 per centum shall be retained by the city of Spokane until all and every part of said work shall be entirely complete, and accepted by the said board of public works."

On September 21, 1895, Jones assigned all of his interest in this contract to Philip Buehner, one of his sureties. At that time he also gave Buehner a general power of attorney authorizing and empowering Buehner to act in his place and stead and complete this contract. The city council of Spokane consented to the change. The 20 per

cent, reserved by the terms of the original contract, was reduced to 10 per cent. At the trial in the court below before a jury, on December 20, 1901, appellant's evidence tended to show that, when the order was issued, he filed the same with the comptroller of the city of Spokane. Over the objection of respondent's counsel, appellant testified that Mr. Liebes, the comptroller, told him this order was all right and would be paid. Appellant offered in evidence a certain affidavit purporting to have been made by him October 19, 1895, in which it is stated: "That the indebtedness which formed the basis of said order was incurred by said Jones for work and labor performed on said water works by J. L. Martin and Thos. Olsen, and said claim has been heretofore assigned to this affiant." His counsel contended that, if this document were not proper testimony to show the true consideration of this order, still, it was sufficient to put the city upon inquiry as to the nature of the claim. The trial court rejected the offer, and appellant excepted. The court also ruled out appellant's offers of estimates Nos. 16, 17, and 18 as tending to show the amounts due from the city to Jones under the contract on January 27, 1895, when the order was filed. Witness R. A. Jones testified that the order was given to William Dickerson at the request of Thomas Olsen, as payment for labor performed on, and piling furnished for, the water works by Thomas Olsen. Appellant took the order for a debt which Olsen owed him. The trial court, in explanation of its position, remarked that, if it were shown that this order was given on account of work and labor performed, or material furnished, in the construction of the water works, and ought to have gone into one of their estimates, and by some mistake of the city it was omitted, the respondent would be liable primarily. The

27-35 WASH.

appellant, however, failed to show any state of facts lead-ing to such conclusion.

On behalf of the defense, Mr. E. F. Gill, city commis-sioner, and a member of the board of Public Works of Spokane in 1895 and 1896, testified, that, when the water works contract was turned over by Jones to Buehner on the 21st of September, 1895, $260,000 had been expended under the contract; that the final estimate, which included all other estimates, was 388,000 and some hundred dol-lars; and that there was not money enough left of the contract price remaining unexpended, when Philip Buch-ner took charge of the work, to pay the claims for labor and material then due, or thereafter incurred in complet-ing the works. This witness further testified that more than one thousand dollars was expended over and above the contract price, and that there were a great number of bills not allowed. The evidence of Messrs. Jones and Buehner, as well as the documentary evidence adduced in behalf of the defense, tended to show that there was no money due the contractor, unless, on the final settle-ment, there was a balance in the reserve fund; that, upon the completion of the contract, there was no money to turn over to the contractor. The transcript shows that the appellant's counsel objected to nearly every item of evidence, oral and documentary, offered by the city at the trial.

The trial court, among other things, instructed the jury as follows:

"The defendant admits the contract, as alleged; admits that the order, as alleged, was delivered to the comptroller of the city; denies that the comptroller endorsed it or promised to pay anything upon it; admits that the water works plant was completed and accepted by the city.    It

denies, however, that anything was due to Jones on the contract upon the final settlement, so that the issue raised for you to determine, gentlemen, is whether or not, upon the final settlement between Jones and the city, there was anything due from the city to Jones upon that contract. . . . Now gentlemen, this order is that the city pay to the plaintiff out of the reserve that is kept back by the city upon the contract with Jones, or out of anything that may become due him on the final estimate or final settlement. . . . The comptroller had no authority to bind the city by any statement that he may have made to Dickerson, or any one else, with regard to the payment of this order outside of the terms of the contract, and outside of the legal liability of the city, as I have explained to you."

Appellant excepted to the giving of each of these instructions.

In our opinion these instructions, in connection with the evidence above noted, present the two material questions for our consideration under the assignments of error: (1) the proper interpretation of the terms of the written order described in the complaint, and upon which the present action is founded; (2) the liability of the city of Spokane, respondent, to appellant on such written instrument. The main contention arises as to the proper significance and meaning of the terms contained in this written order: "Out of any moneys belonging to me, or that may hereafter be due me from the city of Spokane, on the water works contract, either in the twenty per cent reserve, or on account of money to be due me on account of final estimate on said water works contract." The lower court decided that it was payable from the 20 per cent reserve or the amount found due on final estimate.

The learned counsel for appellant forcibly urges that, "instead of designating two funds, as the trial judge held, it designated really three funds: (1) his [Jones'] semi-

monthly earnings, earned when the order was given and presented; (2) the 20 per cent reserve; and (3) the amount due on final estimate." In support of this position he directs our attention to the following language, found in the former opinion: "Certainly the written order from Jones, when filed by appellant with the proper accounting officer of the city, was an equitable assignment of any of the funds belonging to Jones in the possession of respondent." *Dickerson v. Spokane,* 26 Wash. 292, 294, 66 Pac. 381. This language should be considered in connection with the written order declared upon in the complaint. This court did not undertake to decide out of just what funds this order was made payable, but the language employed referred only to the funds designated in the order. There was nothing in the record at that time outside of the complaint to enlighten us regarding the condition of the funds designated in the order, or in the water works contract; neither were we called upon to consider that matter.

After a careful consideration of the record in this case, in connection with the arguments of able counsel, we are of the opinion that the trial court committed no error prejudicial to the rights of appellant in its rulings respecting the admission and rejection of evidence, or in any of the instructions given to the jury at the trial, and that there is ample evidence to sustain the verdict. It seems plain to us that this order was drawn upon the 20 per cent reserve fund, or the balance due the contractor upon completion of the water works. This fund was reserved for the protection of the city against any liability which might arise under, or in connection with, the contract between the city and Jones. When the water works system

was completed, it was found that there were no funds available with which to pay the order in question, and therefore the appellant cannot recover thereon as against the respondent. The comptroller had no authority to bind the respondent by any admission or statement he may have made pertaining to the payment of, or the liability of the city of Spokane on, this order.

We think the trial court committed no error in refusing to admit in evidence plaintiff's exhibit No. 1 as to the alleged consideration of this order being for labor or material furnished by Thomas Olsen at the instance of contractor Jones, and that this order was, therefore, a preferred claim against the city under the water works contract, operating as an assignment of Olsen's claim. The appellant is seeking to recover against respondent on this written order, and not on the original consideration. True, he alleges such consideration in his complaint, but it is plain that his right of action is measured by the terms of the written instrument upon which this action is founded. It does not lie with appellant to assert that it is payable otherwise than in the manner designated by the instrument itself.

The judgment of the superior court is clearly right, and should be affirmed.