[No. 16422. Department One. August 26, 1921.]

MITSUBISHI GOSHI KAISHA, *Respondent*, v. CARSTENS PACKING COMPANY, *Appellant*.[1]

ARBITRATION AND AWARD (9)—NOTICE OF AWARD—SERVICE—SUFFICIENCY. Where an award had been made pursuant to the provisions of Rem. Code, §§ 420-430, under an agreement for arbitration, service of notice of the award by registered mail was sufficient, under Id., §§ 244-247, where the person making the service and the person on whom it was made resided at different places between, which there was regular communication by mail; such notice not coming within the exception against the service of "summons or other process" by such method.

PROCESS (1)—NOTICE—REQUISITES—STATUTORY PROVISIONS. Where one part of the code defines what constitutes service of notice, the use of the term "service" in another part of the code applying to notice must be construed as coming under such definition.

Appeal from an order of the superior court for King county, Frater, J., entered February 19, 1920, denying a motion to vacate a judgment entered upon an award of arbitrators, after a hearing before the court. Affirmed.

*Kerr, McCord & Ivey*, for appellant.

*Bausman, Oldham, Bullitt & Eggerman*, for respondent.

[1]Reported in 200 Pac. 327.

FULLERTON, J.—On July 25, 1919, the respondent, Mitsubishi Goshi Kaisha, contracted to sell to the appellant, Carstens Packing Company, some three hundred barrels of China refined edible cottonseed oil, the oil to be shipped from the Orient in August or September following the date of the contract. The contract contained the following provision:

"Any dispute arising under this contract shall be settled by arbitration of M. J. Falkenburg & Company, upon the immediate demand on the part of either the seller or the buyer; the decision of the arbitrator shall be final for both parties."

The oil was delivered pursuant to the terms of the contract and paid for by the appellant. Subsequent thereto a dispute arose between the parties as to the quality of the oil delivered, the appellant contending that it was not edible as required by the contract. No agreement having been reached by the parties themselves, the respondent submitted the contract to the arbitrators named therein, with a request that the dispute be arbitrated. Pursuant thereto, the arbitrators caused notice to be given to each of the parties that the matter would be heard on February 16, 1920, at 10 o'clock a. m., at the office of the arbitrators. At the time appointed, the appellant did not appear. The respondent, however, appeared and submitted his evidence, and the arbitrators thereafter made a formal decision in writing, deciding the dispute in favor of the respondent. The written award was sealed and delivered to the prevailing party, who delivered it without breaking the seal to the clerk of the superior court of the county wherein the arbitration was held, who caused it to be entered of record. A copy of the award, signed by the arbitrators, was also delivered to the respondent, who caused service thereof to be made on the appellant by registered mail. No excep-

tions thereto were taken by the appellant within twenty days after the service, and the respondent thereupon applied to the superior court for a judgment upon the award, and a judgment was entered thereon by the court on February 24, 1920.

On January 18, 1921, the appellant appeared specially in the superior court and moved to set aside the judgment, basing the motion on the ground that the service of the award was insufficient to give the court jurisdiction of the person of the appellant, and that in consequence the court was without jurisdiction to enter a judgment upon the award. The motion was heard in due course and denied by the court, and from its order, the present appeal is prosecuted.

The single question presented by the appeal is whether the service of the award by registered mail was a sufficient service.

The statute relating to the arbitration of disputes and for judgment thereon is found at §§ 420 to 430 of the Code (Rem.). It provides that all persons desirous to end by arbitration any controversy, suit, or quarrel may submit their differences to the award or umpirage of any person or persons mutually agreed upon. The agreement to so submit must be in writing, signed by the parties. The procedure in making the award is prescribed with some minuteness, and was substantially followed by the procedure taken in the instant case as we have outlined it. The manner of serving the required notices is not prescribed by the particular statute, but is covered elsewhere in the statutes. Rem. Code, §§ 244-247. These provide for service by mail where the person making the service and the person on whom it is made reside at different places between which there is regular communication by mail. It is provided, however, that the particular provision

shall not apply "to the service of a summons or other process or of any paper to bring a party into contempt."

It follows that, if the notice of this award was not a "summons or other process," the service by mail was sufficient. It is our opinion that it is neither of these. It was not the proceeding by which the appellant was brought into court, or the means through which the court acquired jurisdiction over its person; it is what the statute denominates a notice to distinguish it from a summons or process; in this instance its purpose is to give the party an opportunity to appear and object to the award if he so desires, and perhaps, also, to fix a time at which his right to so object shall be cut off. Jurisdiction of the subject-matter of the award and of the persons of the parties was acquired by consent; it arose from the agreement to arbitrate. As we said in *Tacoma Railway & Motor Co. v. Cummings,* 5 Wash. 206, 31 Pac. 747, 33 Pac. 507, every agreement to arbitrate

"is entered into in view of the law upon the subject, and every party to such arbitration consents to such jurisdiction on the part of the court in regard to the controversy as has been by law provided. And the law having provided that the filing of such award with the written agreement to submit the same to arbitration should give the court jurisdiction of the persons of the parties to the arbitration and of the subject-matter of the controversy, every one entering into such an arbitration must be held to have consented thereto."

So, also, to the same purport is *Dickie Mfg. Co. v. Sound Const. & Eng. Co.,* 92 Wash. 316, 159 Pac. 129, where we said:

"Those who enter into arbitration accept in advance the jurisdiction of the superior court . . . Common law arbitration has ceased to exist. If there is no proper agreement under the statute, then there is no

arbitration at all. But once the parties do properly agree on arbitration, there can be no revocation.''

The appellant argues that, where a statute requires a notice to be served but does not prescribe the manner of service, a personal service is required. But the rule could be operative in this instance only on the theory that the general statutes relating to service are without application to this particular proceeding. This theory we think untenable. The chapter of the code relating to arbitration and award is in no sense a special statute. It was enacted with the code of civil procedure and forms an integral part thereof. So, likewise, were the sections of the statute relating to service of notice, process, and summons; although these latter have been amended since the enactment of the original code. But the amendment does not change the governing principle. The statute is a whole and must be read and construed as a whole. Wherever, therefore, it speaks of service it means service as that term is elsewhere defined therein.

We find no error in the ruling of the court, and its order will stand affirmed.

PARKER, C. J., HOLCOMB, MACKINTOSH, and BRIDGES, JJ., concur.