[No. 19763.  Department Two.  March 4, 1926.]

M. C. PETERSON, *et al.*, *Respondents*, v. GRANGER
IRRIGATION DISTRICT, *Appellant.*[1]

[1] ARBITRATION AND AWARD (2)—NATURE OF PROCEEDING—APPRAISAL
DISTINGUISHED.  An agreement to submit to appraisers the
amount of damages resulting to property from the construction
of a pipe line, if the parties could not agree thereon, is not an
agreement to submit an existing controversy to arbitration, but
is an agreement for a common law appraisal; and where the
appraisers have proceeded on a fundamentally wrong basis, the
courts may ignore the proceedings and determine the damages
without following the statutory proceedings in an arbitration.

[2] PLEADING (73)—REPLY—DEPARTURE FROM COMPLAINT.  In an
action for damages to property from the construction of a pipe
line, in which the answer sets up an agreement for an ap-
praisal and the appraiser's findings thereon, it is not a departure
in the reply to admit the appraisal and to allege that it was
made upon a fundamentally wrong basis, and constituted a
fraud upon the plaintiff.

Appeal from a judgment of the superior court for
Yakima county, Nichoson, J., entered March 21, 1925,
upon findings in favor of plaintiff, in an action for
damages to real property, tried to the court.  Affirmed.

*Williamson & LaBerge*, for appellant.

*McAulay & Freece*, for respondents.

MACKINTOSH, J.—The appellant secured from the
respondents a deed for a right of way for a pipe line
across respondents' land, accompanied by an agree-
ment, wherein it was provided that, in the event the
parties could not agree upon the amount of damage
occasioned by the construction of the pipe line, that
amount was to be determined in this way:

"If the parties hereto shall fail to agree upon the
amount of said damage within thirty days after the
completion of the construction of said pipe line, then

[1]Reported in 243 Pac. 847.

the parties hereto agree that the differences shall be submitted to a board of appraisers, one to be selected by each of the parties hereto, and the third by the two thus selected, who shall appraise any and all damages resulting to the property or improvements thereon by virtue of the construction of said pipe line, exclusive of the actual value of the land occupied by the pipe, and the parties hereto agree to be bound by such appraisement, and the district shall, within thirty days after said appraisement, pay the amount thereof to the parties of the second part.''

The respondents' suit was brought to recover the damages which, they allege, were caused them by the pipe line construction, and the complaint alleges that more than thirty days have elapsed since the completion of the work, and the damages have not been paid. The answer admits the making of the contract and sets up that an appraisal had been made according to its terms and the amount of respondents' damages fixed, and that the respondents had refused to accept that amount. In the reply the appointment of appraisers was admitted, but it was alleged that they had performed their services under a misapprehension and misunderstanding of their rights, and had taken into consideration improper elements, thus having proceeded upon a fundamentally wrong basis, and that the award was inadequate. Upon the trial, judgment was entered for the respondents for an amount more than twice that fixed by the appraisers. This appeal raises three assignments of error.

[1] It is the first contention of the appellant that the contract provides for arbitration, and that, the matter in dispute having been submitted to arbitration and the award having been made, the statute (§§ 420-430, Rem. Comp. Stat.) affords the only method by which the court may review the question. If what was called for by the contract is what is known to the law

as arbitration, the appellant's contention would have to be sustained. But the contract is not one calling for arbitration, but one calling for appraisement. That there is a distinction between these two methods of determining controversies, or elements connected with controversies, has been recognized by this court, after a thorough consideration of the question, in *Martin v. Vansant,* 99 Wash. 106, 168 Pac. 990, Ann. Cas. 1918D 1147. The rule was there announced that there exists in this state, in addition to the statutory arbitration, the common law appraisal. Criticism of the *Martin* case is made by the appellant, and it is suggested that it has been overruled, because not noticed by this court in subsequent opinions dealing with arbitration, attention especially being called to *Mitsubishi Goshi Kaisha v. Carstens Packing Co.,* 116 Wash. 630, 200 Pac. 327, *Hatch v. Cole,* 128 Wash. 107, 222 Pac. 463, and *Jackson v. Walla Walla,* 130 Wash. 96, 226 Pac. 487. Those cases, however, it will be seen upon examination, do not deal with the question of whether the agreements were for arbitration or for appraisal. They were cases not dealing with appraisement, but with arbitration, and therefore it was not necessary that the question under consideration in the *Martin* case be discussed; and the distinction drawn in that case is a still continuing one.

It was, therefore, unnecessary for the statutory procedure outlined in cases of arbitration to be followed here, and the respondents were justified in proceeding to sue for their damages, irrespective of the result of the appraisers, and, their conclusions having been arrived at on a fundamentally wrong basis, the superior court was correct in ignoring the award and proceeding to determine, from the evidence presented to it, the amount of damages to which the respondents were entitled under the contract.

[2] The next assignment of error is that there has been a departure between the complaint and the reply, and that on that account the motion of the appellant to dismiss should have been granted. It is urged that the complaint negatives the fact of an appraisement, and that the reply admits the appointment of appraisers and the decision made by them, and alleges that the appraisers acted under a misapprehension and upon a fundamentally wrong basis, which constituted a fraud, and that the award was grossly inadequate. We cannot take the view of these pleadings which is held by the appellant. The allegations contained in them are not at variance and do not constitute a departure. The theory upon which the case was brought continues throughout the complaint and the reply, and the subsequent pleading is fully justified by § 277, Rem. Comp. Stat. There is nothing inconsistent between the allegations in the reply and those contained in the complaint. *Henry v. Bruhn & Henry,* 110 Wash. 321, 188 Pac. 506; *McCorkle v. Mallory,* 30 Wash. 632, 71 Pac. 186; *Erickson v. McLellan & Co.,* 46 Wash. 661, 91 Pac. 249; *Duncan v. Parker,* 81 Wash. 340, 142 Pac. 657, L. R. A. 1915A 804.

[3] The last assignment of error urged by the appellant is that the amount of damages awarded by the trial court to the respondents is too great. Without any extended review of the testimony in regard to the amount of earth necessary to be removed and the other minor items of damage, it will suffice to say that the amount awarded by the court is well within the evidence submitted for its consideration, and we find that there is no reason for disturbing the court's judgment in this regard.

Judgment affirmed.

TOLMAN, C. J., PARKER, MAIN, and MITCHELL, JJ., concur.