[No. 20530.   Department Two.   August 11, 1927.]

THE STATE OF WASHINGTON, *on the Relation of Robert M. Fancher et al., Plaintiffs,* v. J. R. EVERETT *et al., Respondents.*[1]

[1] ARBITRATION AND AWARD (5)—REVOCATION OF AGREEMENT. Under Rem. Comp. Stat., § 420, providing that all persons desirous of ending by arbitration any controversy may submit their differences to the award of arbitrators, an agreement to submit all disputes thereafter to arise under a contract is valid and enforcible and cannot be revoked by one of the parties to it.

Appeal from a judgment of the superior court for Okanogan county, Neal, J., entered September 29, 1926, dismissing an action for a writ of prohibition, upon sustaining a demurrer to the petition. Affirmed.

*P. D. Smith,* for relators.

*W. E. Grant,* for respondents.

HOLCOMB, J.—The lower court having issued a temporary writ of prohibition, on the return day thereof, upon demurrer to the petition and affidavits in support thereof, sustained the demurrer and dismissed the proceeding.

[1]  The only question involved is, whether a party to a contract embodying an arbitration agreement may revoke the arbitration clause of the contract when disputes arise between the parties. The arbitration clause of the contract in question is as follows:

¹Reported in 258 Pac. 486.

"In case the parties hereto shall not be able to agree as to any matter covered by this contract, or as to the time when the work is completed, according to the contract and the plans and specifications attached thereto, the question in dispute shall be submitted to arbitration at the choice of either party to this contract. The parties may agree upon one arbiter, otherwise there shall be three, one named in writing by each party, and the third to be chosen by the two arbiters so chosen. If either party fails to select an arbiter, or if the two arbiters fail to select a third within ten days, the arbiters, or the number required to fill the vacancy, shall be chosen by the presiding official of the nearest bar association. The arbiters shall act with promptness, and the decision of any two shall be binding on both parties to the contract. The cost of the third arbiter shall be divided equally between the parties hereto."

Our statute, Rem. Comp. Stat., § 420 [P. C. §7339], reads:

"All persons desirous to end, by arbitration, any controversy, suit or quarrel, except such as respect the title to real estate, may submit their difference to the award or umpirage of any person or persons mutually selected."

The contract between the parties was entered into April 5, 1926. On July 22, 1926, notice was given to relators that the contract had not been fulfilled in certain particulars, and demanding arbitration. Thereupon, on July 23, 1926, prior to any arbitration or any award, relators by notice attempted to revoke the arbitration clause; but respondents proceeded under the arbitration clause, appointed their arbitrator and caused another arbitrator to be appointed by the presiding official of the nearest bar association, as provided in the arbitration agreement in case either party failed to appoint an arbitrator. The arbitrators were

about to proceed with the arbitration when the temporary writ of prohibition was served.

Appellants contend that, at the time the contract was entered into and the arbitration clause embodied therein, there was no controversy existing between the parties; and that it is settled in this state that there can be no binding arbitration agreement in the absence of a present controversy, suit or quarrel; and, further, that the arbitration agreement cannot be specifically enforced. 2 R. C. L. 360 and 5 C. J. 20, 43, and a number of cases from both Federal and state courts are cited to sustain the propositions above stated.

It is true the general rules are well stated in R. C. L. and C. J. above, and in some of the cases cited. Those texts are founded principally upon decisions in jurisdictions having common law or statutory arbitration different from ours. For example, in *Blodgett Co. v. Bebe Co.*, a late case from California, 190 Cal. 665, 214 Pac. 38, it was held that

"An agreement to arbitrate all disputes thereafter to arise under a contract is invalid and unenforceable, as constituting an attempt to oust legally constituted courts of jurisdiction and to set up private tribunals, but, if the matter to be submitted was the mere finding of facts, the determination of which is essential to the accrual of the cause of action itself, such arbitration or finding becomes a condition precedent to the right to sue, and is not within the rule." [Syllabus.]

Many jurisdictions hold to the above rule on the ground that courts cannot be ousted from jurisdiction in private controversies by contracts for arbitration. *Red Cross Line v. Atlantic Fruit Co.*, 264 U. S. 109, 68 Law Ed. 582, is also cited to the point that courts will not specifically enforce agreements to arbitrate.

Nothing of that kind is involved here. There is no

action pending to compel specific performance of the arbitration agreement. What is pending is an arbitration under a contract. Moreover, the decision in the above cited case is grounded upon the principle that "the agreement, whether executory or executed, cannot be enforced in admiralty by specific performance; merely because that court lacks the power to grant equitable relief."

It was thought that this whole matter of arbitration under our statute was thoroughly considered and determined in *Dickie Mfg. Co. v. Sound Const. & Eng. Co.*, 92 Wash. 316, 159 Pac. 129. That case reviewed most of our prior cases arising under our statute. As was there observed, in the very first case arising under our statute, *Tacoma R. & Motor Co. v. Cummings*, 5 Wash. 206, 31 Pac. 747, 33 Pac. 507, referring to the statute, it was said that "we can get but little aid from the citation of authorities", owing to the fact that our statute is peculiar. *Glover v. Rochester-German Ins. Co.*, 11 Wash. 143, 39 Pac. 380, which held that an independent suit would lie to set aside a filed award and to enforce demands in disregard of it, was overruled, because it would encourage those who see themselves losing to hurry revocation on some charge or other, or to induce their member to withdraw. Other cases were cited and discussed, beginning with *Zindorf Construction Co. v. Western American Co.*, 27 Wash. 31, 67 Pac. 374, where it was held that, in a building contract, a provision for arbitration must be complied with, or no suit would lie upon the original demand. Other cases intervened between the *Zindorf* case and the *Dickie* case, but in *Herring-Hall-Marvin Safe Co. v. Purcell Safe Co.*, 81 Wash. 592, 142 Pac. 1153 (on rehearing, 86 Wash. 694, 150 Pac. 1162); it was emphatically reaffirmed that suit would not lie while an agreement to arbitrate was ignored.

In the *Dickie* case it was said that every arbitration is entered into in view of the law upon the subject, and every party to such arbitration consents to the jurisdiction on the part of the court, in regard to the controversy, as has been by law provided; that those who enter into arbitration accept, in advance, the jurisdiction of the superior court in its reviewing and revisory capacity; that the board (of arbitration) is a preliminary, voluntarily created tribunal or referee, and the jurisdiction of the superior court is first to be exerted in a revisory capacity and only when appealed to by exceptions; that common law arbitration has ceased to exist; that if there be no proper agreement under the statute, then there is no arbitration, but that, once the parties agree on arbitration, there can be no revocation.

We also said in *North Coast R. Co. v. Kraft Co.,* 63 Wash. 250, 115 Pac. 97, that, where a contract provides for a method of adjusting all differences that may arise between the parties, that method must be pursued before either party can resort to the courts for an adjustment.

We are met with some difficulty in reconciling two of our cases. The decision in the *Dickie* case was filed July 28, 1916, and within sixteen months the case of *Martin v. Vansant* was decided in 99 Wash. 106, 168 Pac. 990, Ann. Cas. 1918D 1147. In the latter case, Judge Webster, writing for the court, made a vast research of the law relating to arbitration and to appraisal agreements. There was nothing involved in that case, except an agreement providing for an appraisement, which all courts, with hardly an exception, hold not subject to revocation. In discussing the law, however, the opinion writer apparently quoted with approval such pronouncements as this from *Parsons v. Ambos,* 121 Ga. 98, 48 S. E. 696:

''A common law agreement, therefore, to submit the validity and effect of a contract, or to submit all matters in dispute, to arbitration, may be revoked by either party at any time before the award.''

And this from *California Annual Conference of Methodist Episcopal Church v. Seitz,* 74 Cal. 287, 15 Pac. 839, which state, it will be remembered, is a jurisdiction adhering to common law arbitrations and to the principle that courts will not be ousted of their jurisdiction to entertain suits, even in case of arbitration agreements:

''These cases hold that a contract by which the value of property or the amount of damage is, for the purpose of the contract, to be fixed by third persons, is not a submission to arbitration, and therefore to enforce it does not trench upon the jurisdiction of the courts. . . . the proceeding is a mere appraisement or valuation, which, although binding upon the parties, is not the submission of a controversy to arbitration, and is, therefore, not subject to the rules which govern arbitrators.''

We have also held that common law appraisals can be had under contract in this state, although common law arbitration is abolished by our statute. *Peterson v. Granger Irr. Dist.,* 137 Wash. 668, 243 Pac. 847.

The result reached in the *Martin* case, *supra,* therefore, was correct, regardless of some of the observations made therein.

We are convinced that, under our statute, the rule announced in the *Dickie* case, *supra,* is a salutary one and should be returned to and followed.

The judgment is therefore affirmed.

PARKER, MAIN, MITCHELL, and FRENCH, JJ., concur.