[No. 8233–7–I.   Division One.   May 4, 1981.]

BLACK MOUNTAIN RANCH, *Appellant,* v. BLACK MOUNTAIN
DEVELOPMENT COMPANY, ET AL, *Respondents.*

*Voris, Belcher, Swanson & Lackey* and *John Belcher,* for
appellant.

*Richard Johnson, Chris Rigos,* and *John D. Pappas,* for
respondents.

CORBETT, J.—Black Mountain Development Company
(Developer) built a recreational complex near Kendall in
Whatcom County. The complex was acquired by Black

Mountain Ranch (Ranch), a nonprofit corporation owned by Black Mountain Ranch Camping Club (Club). Over a period of years, a number of disputes arose between the Developer and the Ranch about alleged deficiencies in the various facilities, including problems with the swimming pool/bathhouse. Several preliminary agreements were reached which were integrated into a single contract of 10 typewritten pages, dated March 16, 1978. This agreement purported to be a full and complete settlement of all disputes, past, present and future between the Club and the Developer.

Paragraph 6 of the March 16 agreement stated:

Pool/Bathhouse Complex. By previous agreement, the Anvil Corporation has been retained to review defects in the pool/bathhouse complex. The cost of said review is to be shared equally between the parties in an amount not to exceed $200.00 per party. The Anvil Corporation is to determine if defects resulted from construction and design deficiencies, construction material deficiencies or maintenance deficiencies. In the event defects result from construction and design deficiencies and/or construction and material deficiencies, the Developer is to make repairs to the satisfaction of Anvil Corporation. In the event defects were caused by maintenance deficiencies, the responsibility for repairs is to be the Club's. The parties agree that the term "design deficiencies" shall not include matters which are purely aesthetic in nature but shall be limited to those deficiencies which materially affect the utility of the structure or the health, safety and welfare of the members or their guests who use the structure. Developer agrees to exercise its best efforts to complete required repairs by June 1, 1978. The Anvil Corporation will issue an inspection report and the Developer will make any corrections required of it pursuant to the terms of the Anvil report. Upon completion of the improvements by the Developer a reinspection will be made by the Anvil Corporation stating that the Developer has performed the work required to their satisfaction to conform with their original inspection report. The issuance of such a report shall be satisfaction in full of Developer's obligations under this paragraph.

Anvil Corporation is a group of consulting engineers.

Anvil completed the study called for in the agreement and concluded that the problem was caused by a design defect. The Developer disagreed with the finding and refused to undertake correction of the problem. The Ranch filed suit against the Developer alleging breach of the March 16 agreement. The Developer, in turn, joined Vroman, the general contractor, and Marr, the mechanical subcontractor, alleging that should the Developer be found liable to the Ranch, Vroman and Marr were in turn liable to them because of defective work. Vroman and Marr answered as third party defendants, alleging that the Developer's claim had not been timely made.

Following a 5–day trial, the court entered findings of fact and conclusions of law.

> That since the completion of the complex in December, 1974, the facility has deteriorated; that such deterioration has not resulted from deficiencies in the design or construction of the complex, but rather is a direct and proximate result of the negligent failure of the plaintiff to properly and adequately maintain said facility in order to prevent such deterioration. The Court disagrees with the Anvil report to the contrary.

Finding of fact No. 7.

> That the Third Party Complaint by Black Mountain Development Company against Douglas Marr and Howard Vroman is not a proper action for indemnification for any liability or damages assessed or entered against Black Mountain Development Company in the action by the plaintiff Black Mountain Ranch based upon its March 18 [sic], 1978 contract with the development company because (1) Howard Vroman and Douglas Marr were never made parties to the March 18 [sic], 1978 agreement, and (2) Douglas Marr and Howard Vroman were never notified of the existence or of the signing of said contract.

Finding of fact No. 8.

> That the filing of a Third Party Complaint by Black Mountain Development Company against Douglas Marr and Howard Vroman on February 1, 1979, was not in compliance with the letter or the spirit of the July 1,

1974 contract between Howard Vroman and Black Mountain Development Company in regard to bringing actions for alleged breach of contract or for damages under the contract within a reasonable period of time; that in any event, any breaches were minute in scale.

Finding of fact No. 9.

■ Under the general rules of contract construction, where the language of a contract is unambiguous, the intent of the parties and the meaning of the contract are to be determined from the language alone without resort to other aids of construction. *Rydman v. Martinolich Shipbuilding Corp.*, 13 Wn. App. 150, 153, 534 P.2d 62 (1975). A contract is not ambiguous when a reading of the contract as a whole leads to only one meaning. Where contractual language is unambiguous, courts will not read ambiguity into the contract. *Jacoby v. Grays Harbor Chair & Mfg. Co.*, 77 Wn.2d 911, 917, 468 P.2d 666 (1970). The applicable rules of contract construction are (1) the intention of the parties must control, (2) the intent must be ascertained from reading the contract as a whole, and (3) where the language used is unambiguous, an ambiguity will not be read into the contract. *Hering v. St. Paul–Mercury Indem. Co.*, 50 Wn.2d 321, 323, 311 P.2d 673 (1957); *Truck Ins. Exch. v. Rohde*, 49 Wn.2d 465, 469, 303 P.2d 659, 55 A.L.R.2d 1288 (1956).

■ Anvil was selected by the parties for its engineering expertise to study and determine the cause of the deterioration of the recreational facility. The March 16 agreement clearly states that the Ranch and the Developer would abide by Anvil's decision. There is nothing ambiguous about paragraph 6. Anvil based the decision on its expertise and information acquired through independent testing and study. Anvil was intended to be used as a common law appraiser. Such appraisers act by reason of their own knowledge and information and what they may acquire by independent investigation. *Wagner v. Peshastin Lumber Co.*, 149 Wash. 328, 336, 270 P. 1032 (1928); *Martin v. Vansant*, 99 Wash. 106, 168 P. 990 (1917); *Gord v. F.S. Harmon & Co.*, 188 Wash. 134, 141, 61 P.2d 1294 (1936).

Contracts for common law appraisement are enforceable under Washington law. *Peterson v. Granger Irrigation Dist.*, 137 Wash. 668, 669–70, 243 P. 847 (1926). The general rule is that in the absence of mistake, arbitrary or capricious action or fraud, the decision by such an appraiser is conclusive upon the parties. *Hegeberg v. New Eng. Fish Co.*, 7 Wn.2d 509, 526, 110 P.2d 182 (1941); 5 S. Williston, *Contracts* § 802, at 825 (3d ed. 1961). Only where the appraiser has proceeded upon a fundamentally wrong basis may the court ignore the appraiser's findings. *Peterson v. Granger Irrigation Dist., supra* at 670. There is no evidence that the Anvil decision was fraudulent or arbitrary or capricious or that it was based on mistake or that the conclusion was reached by using a fundamentally wrong approach. The finding of Anvil is therefore conclusive and there being no ambiguity, the contract binds the parties to the Anvil finding.

The trial court entered a finding of fact that the reasonable cost of repairs called for under the Anvil report amounted to $196,051.05. Counsel does not assign error to this finding and it becomes the established fact of the case. *Portage Bay–Roanoke Park Community Council v. Shorelines Hearings Bd.*, 92 Wn.2d 1, 6–7, 593 P.2d 151 (1979).

The Developer asserts that if we reverse the trial court dismissal of the Ranch's claim, we must correspondingly reverse dismissal of the third party action. Article 31 of the contract between the Developer and Vroman provided:

> Should either party to the contract suffer damages because of any wrongful act or neglect of the other party or of anyone employed by him, *claim shall be made in writing . . . to a party liable within a reasonable time of the first observance of such damage* and not later than the final payment, except as expressly stipulated otherwise in the case of faulty work or materials, and shall be adjusted by agreement or arbitration.

(Italics ours.) The lower court ruled that article 31 of the 1974 contract between Vroman and the Developer was valid, effective and reasonable. The first observance of

damage to the pool/bathhouse complex was on December 30, 1974, and no claim in writing was presented until February of 1979, some 4 years after the claim arose.

The court also found against the Developer and in favor of the third party defendants on the ground that neither Vroman nor Marr were made parties to the March 16, 1978 agreement, and impliedly they would therefore not be bound by the Anvil findings. For these reasons, the court properly found the Developer's third party action to be barred. The Developer's argument that reversal of the judgment between it and the Ranch requires reversal of the judgment in the third party action ignores the fact that the primary action and the third party action were tried and disposed of on different legal theories. The third party action was time barred while the primary action was determined by rules of contract construction.

The judgment of the trial court is reversed and the matter remanded with direction to enter judgment in favor of the Ranch and against the Developer in the sum of $196,051.05, together with reasonable attorney's fees and costs (including attorney's fees for representation of the Ranch on appeal). The judgment of dismissal in favor of the third party defendants and against the Developer is affirmed.

JAMES, C.J., and DURHAM, J., concur.

Reconsideration denied June 9, 1981.