Anthony DRISCOLL, Appellant,

v.

Parnell SCHMITT, Individually and as an Employee of the City of Cedar Rapids, Iowa; and the City of Cedar Rapids, Linn County, Iowa, a Municipal Corp.; and Donald Switzer, individually and as Deputy Sheriff of Linn County, Iowa; Orlie J. Workman as Sheriff of Linn County, Iowa; and Linn County, Iowa, Appellees.

No. 80–1579.

United States Court of Appeals, Eighth Circuit.

Submitted April 13, 1981.

Decided June 2, 1981.

J. R. Norris, Cedar Rapids, Iowa, for appellant Anthony Driscoll.

David F. McGuire, City Atty., Cedar Rapids, Iowa, for appellees Parnell Schmitt and City of Cedar Rapids, Iowa.

Craig Kelinson, Asst. County Atty. and Raymond R. Stefani of Silliman, Gray & Stapleton, Cedar Rapids, Iowa, for appellee Donald Switzer.

Before LAY, Chief Judge, ROSS, Circuit Judge, and VAN PELT,* Senior District Judge.

PER CURIAM.

Anthony Driscoll brought suit in the northern district of Iowa under 42 U.S.C. § 1983 alleging that two officers who arrested him, defendants Schmitt and Switzer, their supervisors and municipal employers, used excessive force in the arrest causing him serious injury. Plaintiff requested substantial actual and punitive damages. Defendant Switzer counterclaimed for damages for injuries he allegedly received from Driscoll while trying to arrest him. Prior to trial, all of the defendants were dismissed except the two arresting officers. The jury found in favor of both defendants, and awarded Switzer $58 compensatory damages and $1,000 punitive damages on his counterclaim.

Plaintiff-appellant in this appeal claims the trial court erred by:

1. allowing three nurses at the hospital where plaintiff was taken after the arrest to testify as to statements he made while he was in the hospital; and

2. refusing to allow the testimony of Linda O'Briant, who had testified at the criminal proceeding filed against Driscoll, to be used in this civil proceeding.

Appellant further claims on appeal that the cumulative effect of these two rulings so prejudiced him that he could not receive a fair trial.

■ During the oral argument, appellant's counsel conceded that even if he was correct on the second point, the testimony was cumulative, and thus insufficient to secure a reversal and new trial. We appreciate counsel's candor. However, there are other reasons why appellant cannot prevail on the second point. It was not conclusively shown that the witness was unavailable, Fed.R.Evid. 804(b)(1), and additionally no

* The Honorable Robert Van Pelt, United States Senior District Judge, District of Nebraska, sitting by designation.

offer of proof was made, Fed.R.Evid. 103(a).

■ Turning to the first issue, counsel contends that under Fed.R.Evid. 404(b), evidence of the appellant's character was inadmissible for the purpose of showing that he acted in conformity therewith. He further alleges that such evidence was prejudicial and under Fed.R.Evid. 403 it was an abuse of discretion to admit it. Counsel's main objection seems to be that the trial court allowed a nursing technician to testify as to medical records in which she recorded plaintiff's behavior and recorded certain statements, some profane, which he made. He further claims that the hospital occurrence was not relevant to the question of whether excessive force was used when earlier in the day the officers arrested appellant outside the 20th Century Lounge.

We have reviewed the entire transcript of trial. Although counsel contends that who swung first, or who was the aggressor as between the police and plaintiff, was not an issue, it is clear that the jury had to choose between two very different versions of what happened at the time of arrest. Plaintiff testified that he was sitting in a friend's car, calm and peaceful, minding his own business, when a police officer came up to the car and began hitting him with a blackjack. Plaintiff denied that he was intoxicated, aggressive or belligerent. The police testimony indicated that Officer Schmitt requested Driscoll to come out of the car on several occasions. When he did not do so, Officer Schmitt took hold of the door handle, the door of the car came flying open, and the plaintiff remained sitting in the car and still refused to come out. The officer then took hold of Driscoll's arm to pull him out. Plaintiff fell out of the car and got up swinging at the officer. Another man sitting in the car got out. Driscoll and this third party began throwing blows at Officer Schmitt. A police helicopter

hovering overhead radioed for assistance because the two men had the officer down. After the arrival of other law enforcement agents, Driscoll was subdued and taken to a hospital emergency room for treatment of lacerations and a concussion.

Testimony of the officers who transported Driscoll to the hospital supports a finding that he was uncooperative, intoxicated, profane, and disruptive in the emergency room. No objection was made to this testimony. Two doctors who treated Driscoll at the hospital testified that he was excited, agitated, hostile, verbally abusive, arrogant, and threatening. One of the doctors testified Driscoll was intoxicated, that blood tests indicated approximately 2½ times the minimum alcohol level for intoxication, and that Driscoll was dismissed from the hospital because he refused to follow doctors' orders and was very disruptive and abusive.

Two registered nurses testified that on the hospital floor (where he was taken subsequent to treatment in the emergency room), Driscoll was obnoxious, belligerent, and smelled of alcohol. Although plaintiff's brief indicated he objected to their testimony, the nurses mentioned no specific statements or profanities by defendant, and their testimony was merely cumulative regarding plaintiff's behavior. The two nurses' testimony was also supported by the testimony from the mother of another patient who was in the same hospital room as Driscoll who testified that Driscoll used a lot of profanity, was quite belligerent, very abusive and very drunk. No objection was made to this testimony.

This leaves the nursing technician's testimony which was based on statements made by Driscoll which she recorded in his medical records. Only two of these statements involved any profanity. One of them, counsel admitted at oral argument, constituted an admission against interest and was admissible for that reason. The other statement contained similar profanity. These statements were not nearly as profane or obscene as language reportedly uttered by plaintiff at the scene of the arrest to which no objection was made.

On the whole, we find no reversible error. The testimony of the nurses was essentially cumulative to the testimony of police officers, doctors, and others. The events at the hospital and the record thereof showed a continuing course of such conduct by plaintiff not unrelated to the time of arrest. This is not a situation where defendants were seeking to admit evidence of past violent acts or brawls, or of plaintiff's general propensity for aggressive behavior or bad character. Rule 404(b) was meant to cover those situations, not the case at bar. Furthermore, we believe where plaintiff portrayed an image on direct examination of being peaceful, calm, and non-aggressive in the first instance, and on cross-examination denied any belligerence, including while at the hospital, and denied making abusive or threatening statements while at the hospital, the nurses' testimony was properly admitted for impeachment purposes. *See United States v. McClintic*, 570 F.2d 685 (8th Cir. 1978).

While each judge must balance in each case before him whether the profanity itself is so prejudicial that it should be excised from the testimony, we conclude that in this case, where the jury was already aware from the testimony of several witnesses, that Driscoll's language had been profane, and only two such statements were repeated in all of the nurses' testimony, there is no reversible error.

The judgment of the lower court is affirmed.