[No. 51147–1.   En Banc.   August 8, 1985.]

LARRY DAUGERT, *as Trustee*, ET AL, *Respondents,*
v. JOHN D. PAPPAS, ET AL, *Appellants.*

*Rush, Kleinwachter, Hannula & Harkins, Daniel L. Hannula,* and *Bradford E. Furlong,* for appellants.

*Brett & Daugert,* by *Rand Jack,* for respondents.

*J. Richard Creatura* on behalf of Washington Association of Defense Counsel, amicus curiae for appellants.

*Bryan P. Harnetiaux, Robert H. Whaley,* and *Gary N. Bloom* on behalf of Washington Trial Lawyers Association, amici curiae for respondents.

PEARSON, J.—This case involves a legal malpractice claim against an attorney for failure to file timely a petition for review with this court of a Court of Appeals decision. The issues presented concern the proper standard for determining proximate cause in a legal malpractice action. The trial court concluded that proximate cause was a question for the jury and instructed the jury to decide whether the attorney's negligence was a substantial factor in causing the client's loss and whether the client lost a chance to recover. We hold this was error and reverse.

The underlying suit upon which this malpractice action is based arose out of a contract dispute between Black Mountain Development Company (developer) and Black Mountain Ranch (ranch). The ranch purchased a recreation complex built by the developer. Over a period of years a number of disputes arose about alleged deficiencies in the complex and its facilities and who should make the repairs. In an attempt to resolve these disputes, the parties signed an agreement purported to be a full and complete settlement of all disputes, past, present and future, between the ranch and the developer. Pursuant to this agreement the parties agreed to abide by the findings of an independent appraiser, the Anvil Corporation. Anvil completed the study called for in the agreement and concluded the problems were caused by a design defect. The developer disagreed with the findings and refused to correct the deficiencies. The ranch filed suit against the developer alleging breach of the settlement agreement.

Following trial the court concluded, contrary to Anvil's findings, that the deficiencies resulted from the ranch's negligent failure to maintain properly and adequately the facility so as to prevent deterioration. Thus, judgment was entered in favor of the developer. The ranch appealed and the Court of Appeals reversed based on a finding that

without a showing of fraud, mistake, or arbitrariness, the settlement agreement was binding and enforceable. *Black Mt. Ranch v. Black Mt. Dev. Co.,* 29 Wn. App. 212, 627 P.2d 1006 (1981).

Immediately following the Court of Appeals decision, the developer instructed its attorney, John Pappas, to petition the Supreme Court for review. The petition was filed a day late and Pappas failed to follow the proper procedure for requesting an extension of time. Having lost any right to a further appeal, judgment was entered against the developer. Thereafter, the developer, through its trustee, Larry Daugert, brought suit against Pappas and his law firm for malpractice. The issues of duty and breach of duty were resolved on summary judgment. The only issue disputed at trial was whether Pappas' negligence was the proximate cause of the judgment being entered against the developer. At trial both parties presented expert testimony on the likelihood of review and reversal of the Court of Appeals decision by the Supreme Court. In addition the trial judge, believing that proximate cause was a jury question, instructed the jury that:

> The Plaintiffs have the burden of proving the following:
> 1. That Defendants' malpractice proximately caused the loss of chance for Plaintiffs to avoid damage;
> 2. The percentage chance, if any, that the Supreme Court would have accepted review and reversed the decision of the Court of Appeals;
> 3. Whether the percentage chance, if any, for Plaintiffs to avoid damage that was lost by Defendants' malpractice was a substantial factor in bringing about damage to Plaintiffs.

This instruction apparently was based on this court's opinion in *Herskovits v. Group Health Coop.,* 99 Wn.2d 609, 664 P.2d 474 (1983). Upon returning its verdict, the jury found there was a 20 percent chance the Supreme Court would have granted review and reversed. Hence, judgment

was entered against Pappas.[1] Pappas then sought review in the Court of Appeals. The case was transferred to this court.

The first question presented by this case is whether it is proper, in a legal malpractice action involving an attorney's failure to perfect an appeal, for the jury to decide the issue of proximate cause. Washington law recognizes two elements to proximate cause: cause in fact and legal causation. *Hartley v. State,* 103 Wn.2d 768, 698 P.2d 77 (1985). The instant case concerns only cause in fact; therefore, any use herein of the term proximate cause concerns only the question of cause in fact. Furthermore, any reference to questions of law bears no relation to the concept of legal causation.

In most instances the question of cause in fact is for the jury. It is only when the facts are undisputed and inferences therefrom are plain and incapable of reasonable doubt or difference of opinion that this court has held it becomes a question of law for the court. *Petersen v. State,* 100 Wn.2d 421, 436, 671 P.2d 230 (1983) (quoting *Mathers v. Stephens,* 22 Wn.2d 364, 156 P.2d 227 (1945)). The principles of proof and causation in a legal malpractice action usually do not differ from an ordinary negligence case. *Ward v. Arnold,* 52 Wn.2d 581, 584, 328 P.2d 164 (1958). For instance, when an attorney makes an error during a trial, the causation issue in the subsequent malpractice action is relatively straightforward. The trial court hearing the malpractice claim merely retries, or tries for the first time, the client's cause of action which the client asserts was lost or compromised by the attorney's negligence, and the trier of fact decides whether the client would have fared better but for such mishandling. *See, e.g., Cline v. Watkins,* 66 Cal. App. 3d 174, 135 Cal. Rptr. 838 (1977). In such a

---

[1]The judgment equaled $71,341.84, representing 20 percent of the total amount of damages incurred in the underlying action against the ranch, plus $5,000 awarded to Pappas as a fee for handling the appeal. It should be noted that Pappas does not dispute the finding that he should return the $5,000 given to him for handling the appeal.

case it is appropriate to allow the trier of fact to decide proximate cause. In effect the second trier of fact will be asked to decide what a reasonable jury or fact finder would have done but for the attorney's negligence. Thus, it is obvious that in most legal malpractice actions the jury should decide the issue of cause in fact.

■ In cases involving an attorney's alleged failure to perfect an appeal, however, the burden of proving causation takes on a different light. The cause in fact inquiry becomes whether the frustrated client would have been successful if the attorney had timely filed the appeal. Specifically, the client must show that an appellate court would have (1) granted review, and (2) rendered a judgment more favorable to the client. Not surprisingly, numerous other courts confronted with making this causation determination have not delegated it to the jury. Rather, they have consistently recognized that these latter two determinations are within the exclusive province of the court, not the jury, to decide. *See, e.g., Chocktoot v. Smith,* 280 Or. 567, 571 P.2d 1255 (1977); *Hurd v. DiMento & Sullivan,* 440 F.2d 1322 (1st Cir.), *cert. denied,* 404 U.S. 862, *reh'g denied,* 404 U.S. 961 (1971); *Croce v. Sanchez,* 256 Cal. App. 2d 680, 64 Cal. Rptr. 448 (1967), *cert. denied,* 391 U.S. 927 (1968); *Chicago Red Top Cab Ass'n v. Gaines,* 49 Ill. App. 3d 332, 364 N.E.2d 328 (1977); *Cabot, Cabot & Forbes Co. v. Brian, Simon, Peragine, Smith & Redfearn,* 568 F. Supp. 371 (E.D. La. 1983); *Katsaris v. Scelsi,* 115 Misc. 2d 115, 453 N.Y.S.2d 994 (1982).

The rationale for these decisions is clear. The overall inquiry is whether the client would have been successful if the attorney had timely filed the appeal. The determination of this issue would normally be within the sole province of the jury. Underlying the broad inquiry, however, are questions bearing legal analysis. The determination of whether review would have been granted and whether the client would have received a more favorable judgment depends on an analysis of the law and the Rules of Appellate Procedure. Clearly, a judge is in a much better position to make

these determinations. Thus, as two commentators have indicated:

> This decision must be made by the trial judge as an issue of law, based upon review of the transcript and record of the underlying action, the argument of counsel and subject to the same rules of review as should have been applied by the appellate courts.

R. Mallen & V. Levit, *Legal Malpractice* § 583, at 738 (2d ed. 1981).

We believe the rule articulated above constitutes the proper procedure for determining cause in fact in a legal malpractice action involving an attorney's failure to file an appeal in a timely manner. Although some courts have expressed concern over the idea of a trial judge attempting to predict the outcome of an appellate case, *see Better Homes, Inc. v. Rodgers,* 195 F. Supp. 93, 95 (N.D. W. Va. 1961), the needs of both the client and the legal profession dictate adoption of the rule. On balance, the rule protects a client who is without fault from bearing the loss of an unappealed claim and prevents the jury from speculating over what an appellate court might have done by requiring the trial judge to make the determination by reviewing the record and applying the Rules of Appellate Procedure. Hence, we hold that the determination of what decision would have followed if the attorney had timely filed the petition for review is a question of law for the judge, irrespective of whether the facts are undisputed. Therefore, in the instant case the trial court erred in instructing the jury on proximate cause.

Notwithstanding our finding that it was procedural error for the jury rather than the judge to decide cause in fact, the question remains: What is the appropriate test for determining cause in fact for failure to file timely a petition for review in a legal malpractice action? The trial court determined that the proper test was whether the client lost a chance to reverse the judgment and whether the attorney's negligence was a substantial factor in causing the client's loss. Appellant argues that the proper test is whether

but for the attorney negligence the judgment would have been entered.

■ Traditionally, cause in fact has referred to the "but for" consequences of an act—the physical connection between an act and an injury. *Hartley v. State,* 103 Wn.2d at 778. The "but for" test requires a plaintiff to establish that the act complained of probably caused the subsequent disability. *O'Donoghue v. Riggs,* 73 Wn.2d 814, 824, 440 P.2d 823 (1968). Plaintiff's case must be based on more than just speculation and conjecture. *Johanson v. King Cy.,* 7 Wn.2d 111, 122–23, 109 P.2d 307 (1941).

Courts have consistently applied the "but for" test in legal malpractice cases. *See* Note, *The Standard of Proof of Causation in Legal Malpractice Cases,* 63 Cornell L. Rev. 666 (1978). A majority of courts have therefore concluded that when an attorney is negligent in filing an appeal, the client bears the burden of proving that the underlying case would have been successful but for the negligence of the attorney. *See* D. Meiselman, *Attorney Malpractice: Law and Procedure* § 15:2 (1980).

Application of the "but for" test to legal malpractice claims has not, however, gone uncontested. *See* 63 Cornell L. Rev. at 666; Comment, *Attorney Malpractice: Problems Associated With Failure–To–Appeal Cases,* 31 Buffalo L. Rev. 583 (1982). Furthermore, this court recently reevaluated the "but for" test in reference to a medical malpractice claim. *Herskovits v. Group Health Coop.,* 99 Wn.2d 609, 664 P.2d 474 (1983).

*Herskovits* involved a wrongful death claim against a doctor for the death of a cancer patient. Expert testimony given at trial indicated the doctor's failure to diagnose the disease at an earlier date reduced decedent's chances of survival from 39 percent to 25 percent. Under the traditional "but for" test, the plaintiff could not prove the doctor probably caused decedent's death since decedent more likely than not would have died anyway. Recognizing the harsh consequences of applying the "but for" test in the traditional manner, a majority of this court allowed the

question to go to a jury. Two Justices held that plaintiff need not show decedent would have had a 51 percent chance of survival if the hospital had not been negligent; rather, plaintiff need only show defendant's negligence was a substantial factor contributing to decedent's death. *Herskovits,* at 619. In a concurring opinion four other Justices concluded the disability involved was not death but rather the loss of a chance to survive and, under traditional causation analysis, defendant probably caused this disability. *Herskovits,* at 634.

Despite the *Herskovits* opinion and the questioning by commentators of the use of the "but for" test in legal malpractice claims, we believe it inappropriate at this time to change the test. The primary thrust of *Herskovits* was that a doctor's misdiagnosis of cancer either deprives a decedent of a chance of surviving a potentially fatal condition or reduces that chance. A reduction in one's opportunity to recover (loss of chance) is a very real injury which requires compensation. On the other hand, where the issue is whether the Supreme Court would have accepted review and rendered a decision more favorable to the client, there is no lost chance. The client in a legal malpractice case can eventually have the case reviewed. For example, in the instant case the client's underlying claim was not reviewed by the court initially because of the attorney's negligence. However, in the subsequent malpractice action the trial judge should have decided whether the Supreme Court would have accepted review and held in favor of the client. If the trial judge found review would have been denied, the client could have sought review in the Court of Appeals and ultimately in the Supreme Court. Hence, the client would eventually regain the opportunity to have the claim reviewed by the Supreme Court. On the other hand, in the medical context, when a patient dies all chances of survival are lost. Furthermore, unlike the medical malpractice claim wherein a doctor's misdiagnosis of cancer causes a separate and distinguishable harm, *i.e.,* diminished chance of survival, in a legal malpractice case there is no separate harm.

Rather, the attorney will be liable for all the client's damages if review would have been granted and a more favorable decision rendered, and none if review would have been denied. Thus, clearly the loss of chance analysis articulated in *Herskovits* is inapplicable in a legal malpractice case.

It is likewise inappropriate at this time to adopt the substantial factor test. *See Baker v. Beal,* 225 N.W.2d 106 (Iowa 1975); *Winter v. Brown,* 365 A.2d 381 (D.C. 1976). Such a change in the test for cause in fact is normally justified only when a plaintiff is unable to show that one event alone was the cause of the injury. As noted by Dean Prosser, the substantial factor test aids in the disposition of three types of cases. First, the test is used where either one of two causes would have produced the identical harm, thus making it impossible for plaintiff to prove the "but for" test. In such cases, it is quite clear that each cause has played so important a part in producing the result that responsibility should be imposed on it. Second, the test is used where a similar, but not identical, result would have followed without the defendant's act. Third, the test is used where one defendant has made a clearly proven but quite insignificant contribution to the result, as where he throws a lighted match into a forest fire. W. Keeton, D. Dobbs, R. Keeton & D. Owen, *Prosser and Keeton on Torts* § 41 (5th ed. 1984).

In the instant case it is obvious that the two causes would not necessarily produce the identical harm. The client may have lost on appeal, thus showing that it was the weakness in the underlying claim rather than the attorney's negligence which caused the harm. This is also not a case where similar results would follow from either cause. Clearly, the weakness in the underlying claim could have prevented a better result even if the attorney had not been negligent. Finally, this case does not fall within the third category articulated by Prosser since the attorney has not made a clearly proven but quite insignificant contribution to the result. If review would have been granted and the Court of Appeals decision reversed, the negligence would

obviously have had a significant impact on the result. Clearly, this is not the type of case which necessitates the use of the substantial factor test. The better approach is to retain the "but for" test but emphasize, however, that this does not require a showing of certainty as suggested by other courts. *See Coon v. Ginsberg,* 32 Colo. App. 206, 509 P.2d 1293 (1973). Rather one must merely establish that the act complained of more likely than not caused the subsequent disability. *O'Donoghue v. Riggs, supra.*

In summary, we hold the client must prove that, but for the attorney's negligence, the plaintiff would probably have prevailed upon appeal in a legal malpractice action wherein the negligence occurs at the appellate level. Such a determination is for the trial judge, based upon a review of the transcript and record of the underlying action and subject to the same rules of review as would be applied by the appellate courts.

We turn now to the case at hand which has already been through the appellate process once. The client who may be without fault may or may not have suffered from the negligence of his attorney. Hence, rather than merely remanding the case for a determination of causation by the trial judge, we believe it appropriate in the interest of judicial economy and fairness to the client to permit the client to file a petition for review in this court pertaining to review of the original action. This court will then decide whether review would have been accepted and whether the client would have received a more favorable decision. Our determination will not, however, change the outcome of the underlying claim. Rather, it will decide the causation issue in the malpractice action. We note the client's attorney did not argue the "but for" theory at trial. An attorney's failure to argue a theory of the case at trial normally prohibits appellate review of such theory. However, the confusion over the "but for" standard prompted by the *Herskovits* decision predominates against dismissal. Rather than placing the burden of such confusion on the client, we believe it better to allow this court to review the underlying claim. We there-

fore reverse the trial court and invite the client to submit his petition for review within 30 days of the filing of this opinion.

DOLLIVER, C.J., UTTER, BRACHTENBACH, DORE, ANDERSEN, CALLOW, and GOODLOE, JJ., and CUNNINGHAM, J. Pro Tem., concur.