912 F.2d 469
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Arthur J. NELSON, Plaintiff-Appellee,
v.
FIBREBOARD CORPORATION, et al., Defendant,
and
THE CELOTEX CORPORATION, Fibreboard Corporation,
Defendants-Appellants.
 Nos. 89-35429, 89-35479.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 7, 1990.
Decided Aug. 29, 1990.
 Before EUGENE A. WRIGHT, BEEZER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 SUMMARY
 
 2
 Appellants Fibreboard Corp. and Celotex Corp. appeal from a judgment awarding damages for personal injuries sustained by appellee Arthur Nelson as a result of exposure to appellants' asbestos products, and from denial of their motions for new trial. Appellants contend the district court erred in evidentiary rulings and jury instructions. We affirm.
 
 STANDARD OF REVIEW
 
 3
 We review evidentiary rulings for abuse of discretion and will not reverse absent some prejudice. Kisor v. Johns-Manville Corp., 783 F.2d 1337, 1340 (9th Cir.1986). To reverse, we must conclude that more probably than not, the error tainted the verdict. Id.
 
 
 4
 We review jury instructions to determine whether, viewed as a whole, they adequately instructed the jury as to each element of the case so that the jury fully understood the issues. Id. We consider whether an instruction is misleading or states the law incorrectly to the objecting party's prejudice. Id. We review de novo the district court's determination and application of Washington law. Id.
 
 
 5
 Use of the Washington Pattern Jury Instructions is preferred but "not absolutely required." Bradley v. Maurer, 17 Wash.App. 24, 28, 560 P.2d 719, 724, review granted, 88 Wash.2d 1016 (1977). Thus, contrary to appellants' contention, Bradley does not indicate that the burden is on appellee to defend the court's divergence from the pattern instructions.
 
 DISCUSSION
 1. Exclusion of former testimony
 
 6
 Fed.R.Evid. 804(b)(1) provides that former testimony of an "unavailable" witness may be admissible "if the party against whom the testimony is now offered, or ... a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." A witness is "unavailable" if she, inter alia, "is unable to be present or to testify at the hearing because of ... then existing physical illness ...," Rule 804(a)(4), or "is absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance ... by process or other reasonable means," Rule 804(a)(5). Fed.R.Civ.P. 32(a) provides:
 
 
 7
 (a) ... a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof ...
 
 
 8
 (3) ... if the court finds: (B) that the witness is at a greater distance than 100 miles from the place of trial ..., or (C) that the witness is unable to attend or testify because of age, illness, ..., or (D) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena.
 
 
 9
 Contrary to appellants' view, we may consider whether appellants showed witness unavailability and "similar motive." First, contrary to appellants' contentions, the court raised and relied on lack of unavailability as to both Mueller and Torbohn and dissimilarity of issues/motives in cross-examination as to Mueller.[1] The judge excluded Mueller's and Torbohn's former testimony in part because both were alive and therefore presumably could at least provide depositions for this case, i.e., implicitly because both were available, which appellants did not dispute. And he excluded Mueller's deposition in part because appellant had failed to show similar motive for cross-examination (as to Celotex's employment of its manager's children). Although this aspect of Mueller's testimony was presumably relatively unimportant, still the judge's remarks reveal his concern that no one had cross-examined Mueller with motive similar to that of appellee. Moreover, contrary to appellants' view, this case comes within the rule that we may affirm on any ground supported by the record, even if that ground was neither urged by appellee nor cited by the trial court. Lee v. United States, 809 F.2d 1406, 1408 (9th Cir.1987), cert. denied, 484 U.S. 1041 (1988); Baylor v. Jefferson County Bd. of Educ., 733 F.2d 1527, 1534 (11th Cir.1984).
 
 
 10
 a. Unavailability
 
 
 11
 The proponent of former testimony under Rule 804(b)(1) must show, or at least claim, that the witness is unavailable. See Driscoll v. Schmitt, 649 F.2d 631, 632 (8th Cir.1981); Dartez v. Fibreboard Corp., 765 F.2d 456, 463 (5th Cir.1985); Baylor, 733 F.2d at 1534. We may find prior testimony inadmissible if the record establishes availability. See Perricone v. Kansas City S. Ry. Co., 630 F.2d 317, 321 (5th Cir.1980).
 
 
 12
 Fibreboard's showing of Torbohn's unavailability--that he has an invalid wife, lives in Denver, and was in a deposition for other litigation that week--was inadequate under Rule 804(a)(4). The infirmity of Torbohn's wife does not satisfy subsection (a)(4), especially as it did not prevent his appearance at another deposition. That Torbohn was attending a deposition, was a Fibreboard "agent," and previously had testified for Fibreboard in another case suggest that Fibreboard could have procured his appearance had it sought a postponement for this purpose; therefore, Fibreboard did not show unavailability under (a)(5) either. When the judge aired these views, Fibreboard did not show that Torbohn was entirely unavailable for even a deposition in this case. The district court was within its discretion in excluding Torbohn's prior testimony in part because Fibreboard had failed to depose him for the instant case.[2]
 
 
 13
 b. Similar opportunity and motive
 
 
 14
 A reviewing court will find former testimony inadmissible under Rule 804(b)(1) if the proponent fails to show that the parties involved had similar motives to develop the testimony. See Black Hills Jewelry Mfg. Co. v. Gold Rush, Inc., 633 F.2d 746, 752-53 (8th Cir.1980); Baylor, 733 F.2d at 1534. Satisfying this requirement involves showing substantial identity of issues in the prior and present cases insofar as this "bears on motive and interest in developing fully the testimony...." Fed.R.Evid. 804(b)(1) advisory committee's notes. This court explained:
 
 
 15
 The accepted inquiry [under Fed.R.Civ.P. 32(a) ] focuses on whether the prior cross-examination would satisfy a reasonable party who opposes admission in the present lawsuit. Consequently, courts have required only a substantial identity of issues, and the presence of an adversary with the same motive to cross-examine the deponent.
 
 
 16
 Hub v. Sun Valley Co., 682 F.2d 776, 778 (9th Cir.1982) (citations omitted).[3]
 
 
 17
 Here, as the district court noted, no prior party had cross-examined Mueller as to Celotex's employment of its manager's children. Despite the judge's evident concern with similarity of issues/motives in cross-examination in the prior and instant suits, neither appellant clearly and in detail explained the similarity. Accordingly, as appellee contends, we need not reach the issue of whether "predecessor in interest" in Rule 804(b)(1) embraces only parties in privity with the opponent or embraces any party with similar opportunity and motive for cross-examination.
 
 2. Proximate cause instruction
 
 18
 Appellants contend the court erred in omitting both the "but for" and "substantial factor" requirements from its proximate cause instruction. Appellee counters that these requirements do not apply under Washington law where multiple concurrent tort-feasors' negligence allegedly combine to cause a single, indivisible harm.
 
 
 19
 Lockwood v. AC & S, Inc., 109 Wash.2d 235, 744 P.2d 605 (1987) (en banc), implies that proximate causation does not require "but for" causation in an asbestosis case. The Washington Supreme Court noted it had relaxed its traditional proximate causation approach where unusual problems of product identification exist. It held that the asbestos plaintiff at bar had established a prima facie case that exposure to the products of each of the nineteen defendants had proximately caused his asbestosis by showing exposure to each defendant's product plus expert testimony that exposure has a cumulative effect in contributing to contraction of asbestosis. 109 Wash.2d at 245-46 n. 6, 248, 744 P.2d 605 at 612 n. 6, 613.[4]
 
 
 20
 Cases cited by appellant to show that proximate cause requires "but for" causation under Washington law are distinguishable. All involve traditional fact patterns in which distinct causes sequentially led to an injury rather than the instant pattern in which concurrent causes contribute simultaneously to an indivisible injury. See Baughn v. Honda Motor Co., 107 Wash.2d 127, 727 P.2d 655 (1986) (en banc); Harbeson v. Parke-Davis, Inc., 98 Wash.2d 460, 656 P.2d 483 (1983) (en banc); Anderson v. Dreis & Krump Mfg. Corp., 48 Wash.App. 432, 739 P.2d 1177, review denied, 109 Wash.2d 1006 (1987); Thompson v. Devlin, 51 Wash.App. 462, 754 P.2d 1003 (1988); Hartley v. State of Washington, 103 Wash.2d 768, 698 P.2d 77 (1985) (en banc).
 
 
 21
 While Daugert v. Pappas, 104 Wash.2d 254, 704 P.2d 600 (1985) (en banc), suggests that the Washington Supreme Court might eventually adopt the substantial factor test in an asbestos case, it states (in dicta) that "[i]t is ... inappropriate at this time to adopt the substantial factor test." 104 Wash.2d at 262, 704 P.2d at 605.
 
 
 22
 In short, appellants cite, and we can find no case clearly indicating that, under Washington law, a plaintiff in an asbestosis case must establish either "but for" or "substantial factor" causation to show the element of proximate causation.
 
 
 23
 In any event, the trial court's proximate cause instruction sufficiently conveyed Washington law even if that law requires the "but for" element. As appellee contends, the court's definition of proximate causation as "a cause which in a direct sequence, produces the harm complained of" incorporates the "but for" test. See Daugert, 104 Wash.2d at 260, 704 P.2d at 604 ("cause in fact has referred to the (but for) consequences of an act--the physical connection between an act and an injury. The (but for) test requires a plaintiff to establish that the act complained of probably caused the subsequent disability") (citation omitted).
 
 
 24
 And, appellants were able to argue their "but for"/"substantial factor" theory to the jury. For example, in closing arguments, Fibreboard stated that the reference in Instruction Number 12 to the effect of multiple proximate causes means that "it is a defense if Fibreboard Company didn't produce the harm complained of and someone else did." RT 118. Fibreboard's analogy involving destruction of crops by dogs conveyed its theory that, because Johns-Manville was the main supplier of asbestos products to which Nelson was exposed, Fibreboard's contribution was probably too insignificant to constitute a proximate cause of Nelson's asbestosis. RT 119. Fibreboard continued this theme:
 
 
 25
 Their [plaintiff's] own witness says the vast majority was Johns-Manville. The others [i.e., the other suppliers' products] there were such small amounts, he [Nelson] couldn't remember the company names. And that's causation. Not a legal cause, not a proximate cause. And the jury instruction: Did not produce the harm complained of.
 
 
 26
 So ask yourselves the question: Would Mr. Nelson have all the markers of exposure that he's got now even if you didn't hear any evidence about Plant [Fibreboard's asbestos product]? And I think the answer is yes.... And that is one reason why they haven't met the burden of proof as to one of the essential issues in this case....
 
 
 27
 RT 120-21.
 
 
 28
 Even if technically incomplete, the proximate cause instruction did not prejudice appellants. See Kisor, 783 F.2d, at 1340; see also Gammon v. Clark Equip. Co., 104 Wash.2d 613, 617, 707 P.2d 685, 687 (1985) (en banc) ("The test for sufficiency of instructions is whether the instructions, read as a whole, allow counsel to argue their theory of the case, are not misleading, and properly inform the trier of fact of the applicable law.").
 
 3. Remaining assignments of error
 
 29
 As to the other issues raised by appellants, we find them after due consideration to be without merit.
 
 CONCLUSION
 
 30
 The district court's judgment and denial of appellants' motions for new trial are
 
 
 31
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.Rule 36-3
 
 
 [1]
 Given our view, discussed below, that Fibreboard failed to show Torbohn's unavailability, it is irrelevant that the court did not rely on dissimilarity of issues/motives in excluding Torbohn's testimony
 
 
 [2]
 Because we find that Celotex failed to show similarity of issues/motives in cross-examination of Mueller, we need not decide whether Celotex's statement that Mueller "is sick" showed unavailability
 
 
 [3]
 The same inquiry occurs under Fed.R.Evid. 804(b)(1)
 
 
 [4]
 The court possibly indicated that the substantial factor test applies in an asbestos case. Stating that the trial court had accurately instructed the jury. Lockwood, 109 Wash.2d at 245-46 n. 6, 744 P.2d at 612 n. 6. The court noted that the court had given a substantial factor instruction. See Id. However, the court did not hold that a substantial factor instruction is necessary in an asbestosis-type case where the trial court omits the "but for" test from its instructions on proximate causation