967 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sandra STERNBERG, Plaintiff-Counter-defendant-Appellant,
v.
Mabry C. DEBUYS; Short & Cressman, a partnership; Paul R.
Cressman; Jane Doe Cressman, husband and wife and the
marital community composed thereof; John O. Burgess; Jane
Doe Burgess, husband and wife and the marital community
composed thereof; Douglas R. Hartwich; Jane Doe Hartwich,
husband and wife and the marital community composed thereof,
et al Defendants-Counter-plaintiffs-Appellees.
 No. 91-35207.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 2, 1992.
Decided June 15, 1992.
 
 Before EUGENE A. WRIGHT, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Sandra Sternberg appeals from the district court's judgment for Mabry DeBuys on Count IV of Sternberg's complaint alleging legal malpractice. We affirm.
 
 DISCUSSION
 Standard of Review
 
 3
 This court ordinarily reviews a finding of proximate cause for clear error. Bunting v. United States, 884 F.2d 1143, 1145 (9th Cir.1989). Sternberg argues that the court should review the district court's proximate cause finding de novo, as a question of law, "because the facts relevant to proximate cause are undisputed." She refers to Washington authority that certain proximate cause questions must be treated as questions of law in the unique context of legal malpractice. Daugert v. Pappas, 104 Wash.2d 254, 704 P.2d 600, 603-04 (1985). We need not resolve this issue, however, because our conclusion would be the same under either standard of review.
 
 Proximate Cause Standard
 
 4
 The district court apparently employed a "but for" test for determining whether DuBuys's negligence was the proximate cause of Sternberg's damages. Sternberg argues that the district court should have used a "substantial factor" test instead because either Sternberg's failure to record or DeBuys's negligence, in the absence of the other, would have produced the identical harm, thus making it impossible for Sternberg to meet the "but for" test.
 
 
 5
 The Washington Supreme Court has refused to adopt the "substantial factor" test for legal malpractice cases. Daugert, 704 P.2d at 605 ("Despite the Herskovits opinion and the questioning by commentators of the use of the 'but for' test in legal malpractice claims, we believe it inappropriate at this time to change the test"). No Washington legal malpractice case has employed the "substantial factor" test for proximate cause. Because the district court was bound to follow the law of the forum state in this diversity case, Klaxon Co. v. Stentor Electric Manufacturing Co., 313 U.S. 487, 496 (1941), we conclude that the district court properly applied Washington's longstanding "but for" test for proximate cause. See, e.g., Stoneman v. Wick Construction Co., 55 Wash.2d 639, 349 P.2d 215, 218 (1960).
 
 
 6
 DeBuys's Negligence and Sternberg's Loss of Her Security Interest
 
 
 7
 The district court concluded that Sternberg's failure to permit DeBuys to give written notice to Margolese of his default, and thereby commence the sixty-day period at the conclusion of which Sternberg could have recorded the assignment of the deed of trust, was the proximate cause of the loss of Sternberg's security interest.[1] Sternberg argues that the district court concluded only that she was contributorily negligent. We disagree. The district court never discussed contributory negligence or comparative negligence. The district court concluded only that Sternberg proximately caused the loss of her security interest in the deed of trust by failing to record the assignment. We need only review that conclusion.
 
 
 8
 Margolese's assignment of the deed of trust to Sternberg was void as against any subsequent purchaser or mortgagee in good faith because Sternberg did not record. Wash.Rev.Code § 65.08.070 (all conveyances must be recorded); see also Wash.Rev.Code §§ 65.04.010 (assignments are valid), 65.08.060 (assignment is a conveyance). As the district court properly concluded, Sternberg would have been injured in precisely the same way even if DeBuys had drafted a perfect security agreement. DeBuys's negligence never had a chance to cause Sternberg damage. Accordingly, the district court did not err by failing to apportion fault and concluding that Sternberg proximately caused her own injury.
 
 
 9
 Nor is it necessarily correct to argue, as Sternberg does, that her security would have been lost even if DeBuy's defective instrument had been recorded. Had Sternberg caused the security agreement to be filed promptly, she might have given sufficient notice to protect her security interest in the deed of trust against future good-faith purchasers and thereby preserved the opportunity to correct the flawed agreement at a later date without suffering any prejudice. See Wash.Rev.Code § 65.08.030 (instrument not executed in accord with law imparts the same notice to third persons that a valid agreement would impart). The evidence suggests that Margolese and Embar, if asked, would have corrected the security agreement to assure that Sternberg received an enforceable security interest. "[W]here there is a realistic possibility of correcting the wrongful act complained of by pursuing available legal remedies, and the plaintiff by the voluntary exercise of independent business judgment elects not to pursue those available legal remedies, the defendant's wrongful act is not the proximate cause of plaintiff's damages." Marsh v. Commonwealth Land Title Insurance Co., 57 Wash.App. 610, 789 P.2d 792, 797 (1990), review denied, 115 Wash.2d 1025, 802 P.2d 127 (1990). We conclude that the district court properly held that DeBuys's negligence was not the proximate cause of Sternberg's loss of her security interest.
 
 
 10
 DeBuys's Negligence and Sternberg's Loss of Her Unsecured Claim in Embar's Bankruptcy
 
 
 11
 Sternberg argues that DeBuys's negligence caused her to lose her unsecured claim in Embar's bankruptcy. The only mention of the unsecured claim appears in one sentence in the "Factual Background" section of Sternberg's trial brief: "[Sternberg] was denied the status even of an unsecured creditor because the assignment named Barry Margolese rather than the corporation as the assignor." Plaintiff's Trial Brief at 8. No other mention of this issue was made in the brief. Most notably, in the section titled "Plaintiff's Damages," Sternberg discussed only the loss of her security interest. Id. at 20-26. We conclude that Sternberg did not adequately raise the unsecured claim and any damages associated with its loss in her trial brief.
 
 
 12
 Even had Sternberg adequately raised the unsecured claim in her trial brief, she failed to allege in her Complaint that there were any damages associated with the unsecured claim or that DeBuys proximately caused these purported damages. Sternberg's Complaint alleges only the loss of her security interest. Complaint for Legal Malpractice at 7-8. We conclude that Sternberg waived her argument regarding the unsecured claim by failing to raise it adequately in the district court. Partington v. Gedan, 880 F.2d 116, 130 (9th Cir.1989), vacated on other grounds, 110 S.Ct. 3265 (1990).[2]
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 The district court's conclusion with respect to the proper method for perfecting a security interest in land is clearly a question of law which we review de novo. Sternberg does not dispute the district court's factual finding that she bore responsibility for the failure to give timely written notice to Margolese and thereby begin the process for recording the security agreement
 
 
 [2]
 In light of our affirmance of the district court's conclusions on proximate cause, we need not reach DeBuys's argument that the district court erred by concluding that DeBuys was negligent