[No. 79554-1.    En Banc.]
Considered December 6, 2007.    Decided December 13, 2007.

TERESA SCHMIDT, *Petitioner*, v. TIMOTHY P. COOGAN ET AL.,
*Respondents*.

*Dan'L W. Bridges* and *Justin E. Bolster* (of *McGaughey Bridges Dunlap, PLLC*), for petitioner.

*Paul A. Lindenmuth* (of *Ben F. Barcus & Associates, PLLC*), for respondents.

¶1 PER CURIAM — Teresa Schmidt hired Timothy Coogan to represent her in a premises liability action against a grocery store. Coogan waited until the final day of the statutory period to file the complaint and then named the wrong defendant. The case was dismissed. Schmidt successfully sued Coogan for malpractice and was awarded $212,000 in damages. The trial court ordered a new trial as to damages only. Both parties appealed. The Court of Appeals reversed and remanded the action for dismissal, holding that Schmidt had failed to prove all the elements of the underlying premises liability claim and that Coogan was entitled to judgment as a matter of law. Schmidt contends that she presented enough evidence to submit the question to the jury. We agree and reverse the Court of Appeals.

## FACTS

¶2 In December 1995, Schmidt was shopping at the Grocery Outlet in Tacoma, Washington. While walking down the shampoo aisle, she slipped on a puddle of shampoo and injured her arm. She did not see anyone else in the aisle.

¶3 Schmidt finished her shopping and proceeded to the checkout stand, where she informed a store employee of her slip and fall. She waited in line for about 10 minutes. She noticed from her position at the checkout stand that the shampoo she had slipped on was visible. The employee did not call anyone to clean the spill, and Schmidt did not see anyone checking the aisles. Schmidt left the store after paying for her groceries.

¶4 Schmidt then hired Timothy Coogan to represent her in a suit against the store. As the statutory period to file the claim drew to an end, Coogan had still not filed the complaint. Schmidt approached Coogan about her case on several occasions but was told that it was under control.

The day the statute of limitations was to run, Coogan had still not filed the complaint. Schmidt called her former fiancé, John MacMonagle, who had been an attorney in Coogan's firm. After talking with Coogan, MacMonagle drafted a complaint and had it filed over Coogan's signature. However, the complaint named the wrong party. Coogan attempted to amend the complaint and name the correct party but, for reasons that are unclear, was unable to do so. The claim was ultimately dismissed. Schmidt filed suit against Coogan for malpractice.

¶5 At the close of Schmidt's case, Coogan moved for judgment as a matter of law. He argued that Schmidt had failed to produce any evidence that Schmidt would have prevailed on her slip and fall claim against the store but for Coogan's negligence. Specifically, he argued that Schmidt had failed to prove that the store had actual or constructive notice of the spilled shampoo prior to the fall. The trial court denied his motion and submitted the case to the jury with instructions that to find Coogan liable it must, in part, find that the store had actual or constructive notice of the spill. The jury returned a verdict in favor of Schmidt. The trial court then granted a new trial as to damages only, finding that remarks by plaintiff's attorney during closing argument inflamed the jury and resulted in an excessive award. The Court of Appeals reversed and remanded for dismissal, holding that Coogan's motion for judgment as a matter of law should have been granted.

## ANALYSIS

■■ ¶6 When reviewing decisions granting or denying a judgment as a matter of law, we apply the same standard as the trial court. *Hizey v. Carpenter*, 119 Wn.2d 251, 271, 830 P.2d 646 (1992). Judgment as a matter of law is not appropriate if, after viewing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences, substantial evidence exists to sustain a verdict for the nonmoving party. *Id.* at 271-72.

¶7 A plaintiff in a malpractice suit is required to prove that, but for the attorney's negligence, she probably would have prevailed on the underlying claim. *See Daugert v. Pappas*, 104 Wn.2d 254, 263, 704 P.2d 600 (1985). In a premises liability claim, the plaintiff must establish that the defendant either caused the dangerous condition or knew or should have known of its existence in time to remedy the situation. *Ingersoll v. DeBartolo, Inc.*, 123 Wn.2d 649, 652, 869 P.2d 1014 (1994) (citing *Brant v. Mkt. Basket Stores, Inc.*, 72 Wn.2d 446, 451-52, 433 P.2d 863 (1967)). Whether a defective condition existed long enough so that it should have reasonably been discovered is ordinarily a question of fact for the jury. *Presnell v. Safeway Stores, Inc.*, 60 Wn.2d 671, 675, 374 P.2d 939 (1962) (citing *Bridgman v. Safeway Stores, Inc.*, 53 Cal. 2d 443, 348 P.2d 696, 2 Cal. Rptr. 146 (1960)).

¶8 Schmidt offered evidence that the spill was visible to employees from the cash registers and that during the time she was at the checkout stand, none of the store employees made any effort to clean it up. In addition, there was evidence that preceding the fall the aisle was clear of other customers who might have recently caused the spill.

¶9 The Court of Appeals held that, as a matter of law, Schmidt failed to prove the notice element of her premises liability claim. Coogan concedes that the jury was properly instructed on the issue of constructive notice. The jury heard evidence from which it could reasonably infer that, given the surrounding circumstances, the spill existed for a sufficient period of time and under such circumstances that the owner should have discovered it in the exercise of reasonable care. Schmidt was not required to convince the trial judge or the Court of Appeals of the correctness of her position. At that stage of the proceeding, she was required to have produced only enough evidence so that a reasonable jury could return a verdict in her favor. Viewing the evidence in the light most favorable to Schmidt, we believe she carried her burden.

## CONCLUSION

¶10 An order granting judgment as a matter of law should be limited to circumstances in which there is no doubt as to the proper verdict. Where the evidence produced by the nonmoving party produces facts that would allow a reasonable person to find for that party, judgment as a matter of law is inappropriate. Accordingly, we reverse the Court of Appeals and remand to that court for consideration on the remaining issues.