FILED

NOV 24 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HOLLAND & KNIGHT, LLP, | No. 08-35814 |
| Plaintiff - Appellee, | D.C. No. 2:06-CV-00278-JLQ |
| v. | |
| ALAN DeATLEY, | MEMORANDUM [*] |
| Defendant - Appellant. | |
| and | |
| PAIN, HAMBLEN, COFFIN, BROOKE & MILLER, LLP | |
| Defendant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Justin L. Quackenbush, Senior District Judge, Presiding

Argued and Submitted November 5, 2009
Seattle, Washington

Before: ALARCÓN, KLEINFELD and CLIFTON, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

We affirm the district court's decision granting summary judgment to law firm Holland & Knight on Alan DeAtley's counterclaim for legal malpractice in this diversity suit based on Washington law.

DeAtley was judicially estopped from asserting the counterclaim. DeAtley had claimed an interest in his father's paving business, Superior Asphalt, at the time he filed for Chapter 7 bankruptcy, yet he chose not to list it as an asset. This deprived DeAtley's creditors of his claim of a share in the business, so that DeAtley's debts were discharged without the creditors being able to pursue whatever interest DeAtley had.

DeAtley argues that it was unclear whether the interest which he admits he thought he had in Superior Asphalt was legally enforceable at the time he filed for bankruptcy. That was for his creditors and the bankruptcy court to decide, not him. The bankruptcy code requires scheduling all assets, including "potential" claims. 11 U.S.C. §§ 521, 541. Failure to list an asset or interest on the bankruptcy schedules causes the debtor to be judicially estopped from pursuing a claim to recover that interest after discharge. Hamilton v. State Farm Fire & Casualty Co., 270 F.3d 778, 783, 785 (9th Cir. 2001). DeAtley discharged over $1 million in

2

debts during his Chapter 7 bankruptcy, yet he listed only $26,000 in assets and made no mention of his interest in Superior. The creditors were denied the opportunity to pursue assets of Superior Asphalt, so the district court in the malpractice action properly determined that the district court in the underlying litigation would have "invoke[d] judicial estoppel to protect the integrity of the bankruptcy process." Hamilton, 270 F.3d at 785.

DeAtley argues that he acted in good faith on the advice of his bankruptcy counsel in not scheduling his interest in Superior. Counsel's advice does not protect DeAtley from the estoppel, since he got the benefit of the discharge. See Hamilton, 270 F.3d at 784-85; Eastman v. Union Pacific Railroad Co., 493 F.3d 1151, 1157-58 (10th Cir. 2007). And DeAtley's pleading in this malpractice action establishes the absence of good faith. He claimed that he and his father transferred assets to keep them out of his creditors' hands, and that his "interest" in Superior Asphalt "became an issue" "during" the bankruptcy. See Notice Regarding Related Litigation, Ex. 1 ¶ 20(e)-(f), Holland & Knight LLP v. DeAtley, No. CV-06-278 (E.D. Wa. Aug. 29, 2008) (docket entry 160); see also DeAtley v. Barnett, 112 P.3d 540, 543 (Wash. App. 2005) ("the DeAtleys chose to discharge the burdens of [a different] contract obligation and did not list their allegedly matured

3

right of first refusal as an asset"). Judicial estoppel in the bankruptcy context prevents litigants from abusing the bankruptcy process in this manner.

In the alternative, independently compelling the same result, DeAtley lacked standing to bring his suit against his father to enforce his interest in Superior. When a party fails to schedule a claim in bankruptcy, that claim remains the property of the of the bankruptcy estate even after discharge, and the debtor lacks standing to pursue it. Dunmore v. United States, 358 F.3d 1107, 1112 (9th Cir. 2004).

DeAtley claims he did not have a claim of ownership of Superior until his father signed a written guaranty in 1994, after the bankruptcy was complete. However, the 1994 guaranty is "sufficiently rooted in the pre-bankruptcy past" and remains part of the bankruptcy estate. In re Ryerson, 739 F.2d 1423, 1426 (9th Cir. 1984) (citation omitted). DeAtley's contention that he had no claim to a share of Superior Asphalt until after the bankruptcy was over is belied by the document he, his wife, and his mother signed and presented to his father before the bankruptcy. The 1994 guaranty, which DeAtley claims created a new post-bankruptcy right, says that it "finish[es] the process of transferring 50% of the

4

ownership to him <u>as we have agreed to do for many years</u>." (emphasis added).

Because DeAtley failed to list the claim on his bankruptcy schedules, his interest in

Superior remains part of the bankruptcy estate and did not revert to him upon

discharge of his debts. <u>Cusano v. Klein</u>, 264 F.3d 936, 946 (9th Cir. 2001).

Because the interest in Superior is not DeAtley's property, he lacks standing to

pursue it. His malpractice suit against his lawyers for failing to pursue DeAtley's

claim in Superior more effectively is therefore meritless.

The underlying litigation in which DeAtley alleges Holland & Knight

committed malpractice was doomed to fail for two reasons independent of each

other, judicial estoppel and lack of standing. He therefore suffered no damages

and summary judgment was appropriate. <u>See</u> <u>Daugert v. Pappas</u>, 704 P.2d 600,

603-04 (Wash. 1985).

**AFFIRMED.**

5