NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CECILIA WILSON, individually and as husband and wife; et al.,

Plaintiffs-Appellants,

v.

LONGVIEW SCHOOL DISTRICT, a municipal corporation; et al.,

Defendants-Appellees.

No.    18-35039

D.C. No. 3:15-cv-05863-RJB

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Argued and Submitted March 8, 2019
Seattle, Washington

Before:  GOULD and PAEZ, Circuit Judges, and JACK,** District Judge.

Plaintiff-Appellants (Plaintiffs) sued Defendant-Appellees (Defendants)

under 42 U.S.C. § 1983 and state law for damages arising out of a Longview

School District teacher's alleged placement of five general education students in an

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Janis Graham Jack, United States District Judge for the Southern District of Texas, sitting by designation.

isolation booth as a form of discipline. The case went to trial. The district court dismissed some of Plaintiffs' claims under Federal Rule of Civil Procedure 50(a), and the jury found for Defendants on the remaining claims. On appeal, Plaintiffs challenge several evidentiary rulings, the dismissal of some claims under Rule 50(a), certain jury instructions, and the district court's decision to tax costs against Plaintiffs.

1. The district court did not abuse its discretion by declining to give Plaintiffs' proposed adverse inference jury instruction. *See Jones v. Williams*, 297 F.3d 930, 934–35 (9th Cir. 2002). Moreover, any error was harmless because the physical features of the booth were not necessary to establish Plaintiffs' claims and the district court permitted Plaintiffs to argue everything in the proposed instruction at trial.

2. The district court did not abuse its discretion in excluding the testimony of P.K. and J.B. We review evidentiary rulings for abuse of discretion. *See Tennison v. Circus Circus Enters., Inc.*, 244 F.3d 684, 688 (9th Cir. 2001). The district court reasonably concluded that the proffered testimony of P.K. and J.B. was not relevant to the material disputed fact of whether the booth had a locking mechanism because neither witness would have testified to the presence or absence of a lock on the booth's door. Any error was not prejudicial because Plaintiffs W.L. and A.L. both testified that they were locked in the booth without an adult

present, so P.K. and J.B.'s testimony would have been cumulative. *See Tennison*, 244 F.3d at 688.

3.      The district court did not abuse its discretion by excluding evidence of past allegations of misconduct involving Defendant Jerry Stein under Federal Rule of Evidence 403. The evidence had limited probative value because the allegations related to Stein's use of the booth and the alleged incidents were remote in time, occurred after the events in the case, or had been recanted. And any probative value was substantially outweighed by the extremely inflammatory effect of alleging that a school district or principal looked the other way in the face of allegations that a teacher physically and sexually abused children.

4.      The district court did not err in dismissing Plaintiffs' *Monell* claims against the Longview School District under Rule 50(a). We review a district court's Rule 50(b) ruling de novo. *See Meehan v. Cty. of L.A.*, 856 F.2d 102, 106 (9th Cir. 1988). Plaintiffs did not establish that the alleged practice of sending students to the CLC for disciplinary matters caused the Plaintiffs' alleged constitutional injuries. *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 837 (9th Cir. 1996) (*Monell* liability requires more than "but-for" causation). Plaintiffs also did not establish liability for failure to adopt a policy. Furthermore, Plaintiffs did not show deliberate indifference because there was no evidence that any policymaker was aware of a pattern of placing general education students in the booth. *See Jackson*

3

*v. Barnes*, 749 F.3d 755, 763 (9th Cir. 2014). And Plaintiffs did not show causation because all members of the CLC staff were aware that general education students should not be placed in the booth despite the absence of a policy so stating. *Id.*

5.      The district court did not err in dismissing Plaintiffs' supervisory liability and negligence claims against Defendant Patrick Kelley under Rule 50(a). Plaintiffs did not establish that Kelley engaged in wrongful conduct. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). The evidence likewise does not support a prima facie claim of negligence because Plaintiffs did not establish causation between any alleged breach of duty and Plaintiffs' harms.

6.      The district court did not err in dismissing Plaintiffs' outrage claims against the Longview School District, Kelley, and Stein. Plaintiffs did not establish that Kelley engaged in any wrongdoing. *See Reid v. Pierce Cty.*, 961 P.2d 333, 337 (Wash. 1998). And the Longview School District's alleged conduct—a custom of sending general education students to the CLC for discipline—was not outrageous. *See Jackson v. Peoples Fed. Credit Union*, 604 P.2d 1025 (Wash. Ct. App. 1979). Reasonable minds could differ on whether Stein's alleged conduct—placing general education students in the isolation booth—was outrageous. But the district court correctly dismissed the claim because Plaintiffs produced no evidence that Stein acted with the requisite intent to cause, or reckless disregard for the

4

possibility of causing, emotional distress. *See Reid*, 961 P.2d at 337.

7. The district court did not abuse its discretion in declining to give Plaintiffs' proposed substantial factor instruction because the evidence on damages could be analyzed using but-for causation. *United States v. Bello-Bahena*, 411 F.3d 1083, 1089 (9th Cir. 2005); *Daugert v. Pappas*, 704 P.2d 600, 605–06 (Wash. 1985).

8. The district court did not abuse its discretion by instructing the jury on the definition of aversive intervention under the Washington Administrative Code ("WAC") because the jury instructions, as a whole, made it clear that the cited portion of the WAC applied only to special education students. *See White v. Ford Motor Co.*, 312 F.3d 998, 1012 (9th Cir. 2002).

9. In contrast to our affirmance of the district court's discretionary rulings discussed above, we conclude that the district court abused its discretion in denying Plaintiffs' motion to re-tax costs because Plaintiffs have very limited income, and the award of fees against Plaintiffs might chill future civil rights litigation. *See Ass'n of Mex.–Am. Educators*, 231 F.3d 572, 592 (9th Cir. 2000); *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1080 (9th Cir. 1999).

**AFFIRMED in part and REVERSED in part. The parties shall bear their own costs.**