IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| MOSES H. MA, | ) | No. 78537-1-I |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GERALD F. ROBISON, Individually and | ) | |
| on Behalf of the Marital Community | ) | UNPUBLISHED OPINION |
| Comprised of GERALD F. ROBISON | ) | |
| and JANE DOE ROBISON; and LAW | ) | |
| OFFICE OF GERALD F. ROBISON, | ) | |
| PLLC, a Washington Professional | ) | |
| Limited Liability Company, | ) | |
| | ) | |
| Respondents. | ) | FILED:  June 10, 2019 |

SCHINDLER, J. — Moses H. Ma filed a legal malpractice lawsuit against the attorney who represented him in the declaratory judgment action filed against Shoreview property owners James and Patricia Larson (collectively, Larson) and Antonette Smit Lysen.  The superior court ruled as a matter of law that Ma could not show he probably would have prevailed in the appeal on the award of attorney fees to Larson and Lysen.  We affirm.

<u>Counterclaim To Enforce CC&R and Award of Attorney Fees</u>

The facts are set forth in <u>Ma v. Larson</u>, No. 73715-5-I (Wash. Ct. App. Aug. 29, 2016) (unpublished), http://www.courts.wa.gov/opinions/pdf/737155.pdf, and will be repeated only as necessary.

Moses H. Ma and Kristine S. Ma-Brecht-Ma (collectively, Ma), James Larson and Patricia A. Larson (collectively, Larson), and Antonette Smit Lysen own homes in the Shoreview plat in Burien. The "Covenants, Conditions, and Restrictions" (CC&R) govern the Shoreview plat and restrict single-family houses to "2½ stories in height." The Shoreview Homeowners Association recorded revised CC&R to address when a daylight basement is considered "a story."

In 2013, Ma submitted an application for a construction permit to expand the "garage/renovate expand kitchen/add master bedroom floor." Larson and Lysen sent a letter to Ma asserting the third-story bedroom floor addition violated the CC&R two-and-one-half-story height restriction and would "seriously impact" their views.

Ma filed a declaratory action against Larson and Lysen. Ma alleged the third-story master bedroom floor did not violate the CC&R two-and-one-half-story height limit. Larson and Lysen filed a counterclaim seeking declaratory judgment that the third story violated the CC&R and a permanent injunction and an award of attorney fees.

The court ruled on summary judgment that the 3rd story violated the CC&R and entered a permanent injunction that prevented Ma from "constructing a house more than 2-½ stories in height."

Larson and Lysen filed a motion for $51,199 in attorney fees to enforce the CC&R. Larson and Lysen cite the CC&R to argue they were entitled to an award of damages incurred in enforcing the violation of the CC&R and obtaining a permanent injunction. The CC&R state:

> "(f) Any owner of any lot in said subdivision may prosecute an action at law or in equity to abate, restrain or prevent violation of any covenant herein, or to recover any damages resulting from such violation, providing no action may be commenced as

authorized hereunder more than 6 mo[nths] [a]fter such violation shall have occurred."[1]

Larson and Lysen also cited a slander of title case, Rorvig v. Douglas, 123 Wn.2d 854, 873 P.2d 492 (1994), and argued they were entitled to fees on equitable grounds.

Ma filed a response to the motion for attorney fees one day after the filing deadline. Ma argued the CC&R do not "make any mention of costs or attorney's fees" and Rorvig did not apply because it is "a quiet title and slander of title case." Ma argued there was no recognized equitable ground to award Larson and Lysen attorney fees.

On July 15, 2015, the court entered an order "Supporting Permanent Injunction and Award of Attorney's Fees and Costs to Larsons and Lysen." The court found Larson and Lysen "are prevailing parties because they succeeded in enforcing the CC&Rs" and "[t]hey are entitled to recovery of reasonable attorney's fees from the plaintiffs." The court awarded attorney fees as damages "because of the CC&Rs' allowance of recovery of damages." The court states attorney fees as damages "also is justified under the rationale of Rorvig because this case is comparable to a slander of title action for purposes of awarding fees."

The order states the court "considered the following factors":

a. The case concerned enforcement of CC&Rs, which are essential attributes of title to real estate;
b. Defendants Larson and Lysen had no choice but to defend against the plaintiffs' action to protect their interest in the height limits in the CC&Rs;
c. Plaintiffs are sophisticated, with significant financial resources. The Larsons and Lysen are retired and have essentially fixed incomes;
d. Plaintiffs chose not to name as defendants the homeowners' association, which would have had the right to recover attorney's fees for enforcing the CC&Rs under applicable Washington law;
e. It is equitable given all the circumstances identified in this Order and

---

[1] Boldface omitted.

3

given the parties' positions in this litigation to allow the Larsons and Lysen to recover their fees.

The court concluded that after considering "the quality, amount and complexity of the briefing on summary judgment"; "the non-discovery investigation of the issues of the case"; "the requirements of obtaining an injunction"; and the "efforts related to obtaining a defense for the defendants from the title companies," Larson and Lysen were entitled to an award of $25,000.00 in attorney fees and $241.99 in costs.

Appeal of Summary Judgment Permanent Injunction and Attorney Fees

Ma appealed the summary judgment order and the permanent injunction and the award of attorney fees and costs. Larson and Lysen argued Ma waived the right to challenge the award of attorney fees on appeal by failing to "timely respond" to the motion for attorney fees.

We affirmed the order granting summary judgment in favor of Larson and Lysen and entry of the permanent injunction. Ma, No. 73715-5-I, slip op. at 1-2. We declined to consider the challenge to the award of attorney fees because "the record establishes Ma did not timely file a response to the request for an award of attorney fees and costs, Ma did not show good cause or excusable neglect, and the court did not consider the late-filed response." Ma, No. 73715-5-I, slip op. at 10-11.

Legal Malpractice Lawsuit

In August 2017, Moses H. Ma filed a lawsuit against his attorney for legal malpractice and breach of fiduciary duty. Ma alleged the attorney's representation "fell below the standard of care expected of a reasonable and prudent Washington attorney" because the attorney failed to "timely file Plaintiff MA's opposition to the underlying defendants' motion for attorney fees."

The attorney filed an answer. The attorney admitted he "failed to timely file Plaintiff MA's opposition to the underlying defendants' motion for attorney fees" but denied that his representation "fell below the standard of care" or was the proximate cause of harm to Ma and that he breached a fiduciary duty.

Ma filed a motion for partial summary judgment on breach of the standard of care. Ma argued his attorney breached the standard of care by failing to "timely file a proper Response to Motion for Attorney's Fees." The court granted the motion for partial summary judgment on the breach of the standard of care.

Ma filed a motion for summary judgment on his legal malpractice claim. Ma argued the attorney's "breach of the standard of care proximately caused Mr. Ma damage." Ma argued that but for the failure to file a timely response, he would have prevailed on appeal of the attorney fee award because the trial court "clearly erred when it awarded attorney fees against Mr. Ma."

The court denied Ma's motion for summary judgment. The court ruled as a matter of law that the CC&R allow "an owner who files a lawsuit to prevent a violation of the CC&Rs" to "recover damages" and "attorney fees are the most likely damages to flow from having to file a lawsuit to prevent a CC&R violation." The court concluded the Court of Appeals probably would not "have reversed the award of attorney fees had it considered the issue."[2]

Appeal of Dismissal of Legal Malpractice Claim

Ma appeals the decision of the trial court on the motion for summary judgment on proximate cause. Ma asserts that but for his attorney's failure to file a timely response

---

[2] The parties stipulated to dismissal of the legal malpractice lawsuit with prejudice subject to reservation of Ma's right to appeal the court's summary judgment order.

to the motion for an award of attorney fees, he would have prevailed on appeal.

This court reviews summary judgment orders de novo, engaging in the same inquiry as the trial court. Lunsford v. Saberhagen Holdings, Inc., 166 Wn.2d 264, 270, 208 P.3d 1092 (2009). Summary judgment is appropriate if the pleadings, affidavits, depositions, and admissions on file demonstrate the absence of any genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); Atherton Condo. Apt.-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co., 115 Wn.2d 506, 516, 799 P.2d 250 (1990); Loeffelholz v. Univ. of Wash., 175 Wn.2d 264, 271, 285 P.3d 854 (2012).

To establish a legal malpractice claim, a plaintiff must prove (1) the existence of an attorney-client relationship giving rise to a duty of care to the client, (2) an act or omission by the attorney in breach of the duty of care, (3) damage to the client, and (4) proximate causation between the attorney's breach and the client's damages. Hizey v. Carpenter, 119 Wn.2d 251, 260-61, 830 P.2d 646 (1992). Here, the parties dispute only proximate cause.

The "cause in fact" and "but for" test apply to proof of causation in a legal malpractice case. Daugert v. Pappas, 104 Wn.2d 254, 260, 704 P.2d 600 (1985). Here, because the attorney did not file a timely response to the motion for attorney fees on appeal, we concluded Ma waived the right to challenge the award of attorney fees. The question is whether as a matter of law Ma can prove that he would probably have prevailed on appeal. Daugert, 104 Wn.2d at 258-59, 263; see also Schmidt v. Coogan, 162 Wn.2d 488, 492, 173 P.3d 273 (2007). Ma cannot meet his burden.

6

In the appeal, Ma argued the court erred by awarding attorney fees as damages under Rorvig because the action for "declaratory judgment did not slander . . . title." Larson and Lysen argued the CC&R supported the decision to award attorney fees incurred in enforcing the CC&R and obtaining the permanent injunction.

The CC&R allow a party to recover damages resulting from a violation of the covenants in the CC&R. The uncontroverted record supports awarding Larson and Lysen attorney fees as damages under the CC&R  The record establishes Larson and Lysen filed a counterclaim to enforce the CC&R.  Larson and Lysen successfully obtained a declaratory judgment enforcing the CC&R and a permanent injunction preventing Ma from building a third story in violation of the CC&R.  Because Ma would probably not have prevailed in the appeal of the award of attorney fees, we affirm dismissal of his legal malpractice lawsuit.

WE CONCUR: