**FILED**
**JULY 24, 2018**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| ALLAN MARGITAN and GINA MARGITAN, husband and wife, | ) ) ) | No. 34746-0-III |
| Respondents, | ) ) | |
| v. | ) ) | |
| SPOKANE REGIONAL HEALTH DISTRICT, a municipal corporation and SPOKANE REGIONAL HEALTH DISTRICT BOARD OF HEALTH, a municipal corporation, | ) ) ) ) ) ) | UNPUBLISHED OPINION |
| Defendants, | ) ) | |
| MARK HANNA and JENNIFER HANNA, husband and wife, | ) ) ) | |
| Appellants. | ) | |

LAWRENCE-BERREY, C.J. — Mark and Jennifer Hanna appeal after a jury

determined that their drain field interfered with Allan and Gina Margitan's 40 foot access

and utility easement. The Hannas make several arguments on appeal, including that the

trial court erred by denying their CR 50(a) motion to dismiss the Margitans' claims. We

agree and reverse the jury's verdict.

FACTS

*Background facts*

Spokane County Short Plat 1227-00 consists of "Parcels" 1, 2, and 3. Parcel 1 is to the east of Parcel 2, and Parcel 2 is to the east of Parcel 3. The short plat map shows a 40 foot wide access and utility easement across Parcels 1 and 2 in favor of Parcel 3. A note on the map requires the applicant to secure public water for each of the three parcels.

In April 2002, the Margitans purchased Parcel 1. In May 2002, the Hannas purchased Parcel 2. One month earlier, Mr. Hanna mistakenly informed the contractor hired to build his house that the easement was 20 feet wide. On May 1, 2002, Mr. Hanna learned that the easement through Parcel 2 was 40 feet wide, not 20 feet wide. Mr. Hanna neglected to inform his contractor of this.

In June 2002, Larry Cook Excavating Inc. applied to the Spokane Regional Health District (SRHD) for a permit to build an on-site sewage system on behalf of the Hannas. SRHD issued the permit in January 2003, and Cook Excavating built the septic system. In March 2003, Cook Excavating submitted an "as built" drawing of the septic system. Clerk's Papers (CP) at 51. The "as built" drawing erroneously depicts the easement as 20 feet and shows an 11 foot separation between the depicted easement and the closest

2

corner of the drain field. Had the actual 40 foot easement been depicted on the drawing, it would show that the closest corner of the drain field extends 9 feet into the easement.

Prior to 2002, water lines servicing the parcels had been installed and covered by a paved road. Around July 2003, these water lines were abandoned and new lines were installed providing water to each parcel.

In 2010, the Margitans purchased Parcel 3, including the existing home. In October 2011, the Margitans began to remodel the home so they could lease it out as a high-end rental property.

In July 2012, the Hannas filed a quiet title action in Spokane County Superior Court against the Margitans to reduce the 40 foot easement to 20 feet. About one year into that litigation, the Margitans learned that the Hannas' drain field was built 9 feet into their easement. The Margitans notified SRHD of this. The litigation was later amended to a quiet title action that sought to determine the rights of all Parcel 2 easement holders of record.

*SRHD—Hannas' agreement*

In October 2013, the Hannas and SRHD signed an agreement that contained a compliance schedule for relocating the drain field. The agreement provided that, within 30 days after their quiet title action was concluded, the Hannas would submit a plan for

relocating their drain field in compliance with the Washington Administrative Code. The

Hannas also agreed that within 60 days of SRHD's approval of the plan, the relocated

drain field would be built. The agreement also empowered SRHD to require the Hannas

to immediately relocate their drain field if at any time it appeared to SRHD that the drain

field posed a public health risk.

*Building inspection and report*

In the summer of 2014, the Margitans requested a final inspection of their

remodeled house on Parcel 3 so they could obtain an occupancy permit. When the

inspector arrived, the water was off. Mr. Margitan told the inspector that he was not

comfortable with the potability of the water due to the water line's proximity to the

Hannas' drain field. The building department declined to issue an occupancy permit. In

the comments section of the inspection report, the inspector indicated that an occupancy

would be issued once SRHD or the water purveyor accepted the water line as adequate

for residential use.

*Margitans' lawsuit*

The Margitans brought the present lawsuit against SRHD and the Spokane

Regional Health District Board of Health on February 13, 2015. The Hannas were not

initially named in the lawsuit. The complaint sought money damages from SRHD for

refusing to have the Hannas promptly relocate the drain field. The Margitans alleged

damages including, inter alia, loss of use of the property, loss of income, and emotional

distress.

The Margitans, in agreement with SRHD and the Hannas, filed an agreed motion

to consolidate certain counterclaims that the Margitans had asserted against the Hannas in

the quiet title action that all related to the drain field's encroachment into the easement.

Prior to trial, SRHD successfully moved for summary judgment dismissal of the

Margitans' claims. The propriety of that dismissal is the subject of a separate appeal.

*Margitans' theory at trial*

The Margitans did not present any evidence that their water on Parcel 3 was

impaired by the drain field. The Margitans' water is public water and reaches Parcel 3

through a pressurized line. Any leaching of drain field contaminants could not impair the

water within the pressurized line. Nor did the Margitans present any evidence that the

drain field was within 10 feet of the water line, which would violate the 10 foot

separation requirement under WAC 246-272A-0210.

Instead, the Margitans' theory at trial was that the 9 foot encroachment of the

Hannas' drain field into their easement was an interference with their easement and

5

caused the building inspector to not issue the certificate of occupancy. In our view, the testimony of the building inspector is dispositive of this appeal.

*Trial testimony of building inspector*

The building inspector testified that he is concerned only with the building structure and that improvements more than two feet beyond the building structure are not inspected by him. But Mr. Margitan raised concerns about the proximity of the water line to the drain field. Mr. Margitan's concern caused the inspector to involve his boss in the decision, thus resulting in the language included in the comments section of the inspection report. The comments section indicated that an occupancy permit would be issued once Mr. Margitan furnished documentation from the water purveyor or SRHD accepting the water line as adequate for residential use.

Had Mr. Margitan not raised his concern to the building inspector, an occupancy permit would have been issued. This was confirmed by Mr. Margitan's own questioning of the building inspector:

> Q. [T]he issue dealing with the drain field encroachment, that was outside your normal experience?
> A. Yes, sir.
> Q. So had that issue not come up, would the Margitans have . . . received an occupancy permit?
> A. If the water was running inside the structure, yes.

Report of Proceedings (RP) at 634.

The Margitans raised the issue because the Hannas' drain field encroached 9 feet into the easement. The building inspector admitted that had the drain field not encroached into the easement, the Margitans probably would have received an occupancy permit.

*CR 50(a) motion for judgment as a matter of law*

After all of the evidence was presented, the Hannas moved to dismiss the Margitans' claims. One basis for their motion was that the Margitans failed to establish that the drain field's encroachment into the easement proximately caused the denial of their certificate of occupancy. The trial court denied the Hannas' motion.

*Jury's verdict*

The jury found for the Margitans and awarded $210,125 in lost rents and $12,119 for increased finance charges. Because the jury found that the Hannas' conduct of placing the drain field was intentional, the jury awarded the Margitans $200,000 in damages for emotional distress.

*Remittitur*

The Hannas moved for remittitur under RCW 4.76.030. The court made written findings and concluded that the only evidence the jury could have considered in awarding emotional distress damages was based on the Margitans' inability to refinance their credit

card debt to remodel.  Accordingly, awarding $200,000 when the actual specific damage for failure to refinance was $12,119 shocked the court's conscience, was obviously motivated by passion and prejudice, and was outside the range of evidence.  The court granted the remittitur and reduced the emotional distress damages to $75,000.

The Hannas appealed the jury verdict, and the Margitans cross-appealed the trial court's remittitur of damages.

MOTIONS FOR JUDICIAL NOTICE

The Hannas and the Margitans filed separate motions for judicial notice.  We dispose of these issues first.

*Hannas' motion*

The Hannas ask this court to take judicial notice of a complaint filed in October 2017 by the Margitans against Spokane County, Spokane County Building and Planning and certain Spokane County employees.  The Hannas argue that the Margitans' claims in the present case are inconsistent with claims made in the 2017 complaint.  The 2017 complaint does not meet the requirements for this court to take judicial notice, and we therefore deny the Hannas' motion.

Under ER 201(b):

A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

Facts that a court may judicially notice are those "'facts capable of immediate and accurate demonstration by resort to easily accessible sources of indisputable accuracy and verifiable certainty.'" *CLEAN v. State*, 130 Wn.2d 782, 809, 928 P.2d 1054 (1996) (quoting *State ex rel. Humiston v. Meyers*, 61 Wn.2d 772, 779, 380 P.2d 735 (1963)).

Here, the facts the Hannas seek to have judicially noticed do not fit this standard. Pleadings in a complaint are not indisputable facts. We therefore decline to judicially notice the complaint.

*Margitans' motion*

The Margitans request that this court take judicial notice of the Hannas' permit to relocate their drain field. We deny the Margitans' motion for judicial notice for the same reasons that we deny the Hannas' motion. The permit to relocate the drain field is not the subject of indisputable facts. *See CLEAN*, 130 Wn.2d at 809.

## ANALYSIS

The Hannas contend that the trial court erred when it denied their CR 50(a) motion for judgment as a matter of law.

An appellate court reviews the trial court's CR 50(a) ruling on a motion for judgment as a matter of law de novo, engaging in the same inquiry as the trial court. *Schmidt v. Coogan*, 162 Wn.2d 488, 491, 173 P.3d 273 (2007). "Judgment as a matter of law is not appropriate if, after viewing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences, substantial evidence exists to sustain a verdict for the nonmoving party." *Id.* "If any justifiable evidence exists on which reasonable minds might reach conclusions consistent with the verdict, the issue is for the jury." *Mega* v. *Whitworth College*, 138 Wn. App. 661, 668, 158 P.3d 1211 (2007).

The Hannas argue that the Margitans failed to present evidence that the drain field interfered with their 40 foot easement. They also argue that the Margitans failed to present evidence that the drain field's encroachment into their easement proximately caused the denial of their certificate of occupancy. We agree with both arguments.

*Interference with easement*

The Hannas assert that the Margitans presented insufficient evidence that the drain field interfered with their easement to support a jury verdict. The Margitans' central response is that the drain field's encroachment into their easement is sufficient to establish interference. We disagree.

10

"A servient estate owner may use his property in any reasonable manner that does not interfere with the original purpose of the easement. *Littlefair v. Schulze*, 169 Wn. App. 659, 665, 278 P.3d 218 (2012) (citing *Thompson v. Smith*, 59 Wn.2d 397, 407, 367 P.2d 798 (1962)). For this reason, the Margitans' central response, that any structure in the easement establishes an actionable interference, is not supported by our jurisprudence.

Here, the Margitans had a 40 foot access and utility easement. The Margitans did not argue that the drain field interfered with their water line or any other utility. In fact, the Margitans presented no evidence that the water line was within 10 feet of the drain field, the minimum separation permitted by WAC 246-272A-0210. Nor did the Margitans argue or present evidence that the drain field interfered with their access.

Instead, the Margitans argue that the drain field was within the easement, which violates WAC 246-272A-0210's requirement of a minimum five feet of separation between an easement and a drain field. Although true, the lack of a physical separation did not interfere with the Margitans' access or utilities.

Lastly, the Margitans argue that the possibility that their water might become contaminated in the future established an actionable interference. But the possibility of future harm, unaccompanied by present damage, is not actionable. *Gazija v. Nicholas*

11

*Jerns Co.*, 86 Wn.2d 215, 219, 543 P.2d 338 (1975); *Brewer v. Lake Easton Homeowners Ass'n*, 2 Wn. App. 2d 770, 780-81, 413 P.3d 16 (2018).

For these reasons, the trial court erred in not granting the Hannas' CR 50(a) motion to dismiss.

*Proximate cause*

The Hannas also assert that the Margitans presented insufficient evidence that the drain field proximately caused their damages. The Margitans respond that they presented a triable issue of fact and point to the testimony of the building inspector. The Margitans are partly correct; the building inspector did testify that had the drain field not encroached into the easement, the Margitans would have received a certificate of occupancy. But this snippet of testimony mischaracterizes his actual testimony.

The building inspector testified that he does not inspect anything more than two feet outside the building structure. But Mr. Margitan expressed his concern that his water might not be safe due to the proximity of the drain field to his water line. Mr. Margitan's concern caused the building inspector to consult his boss, who directed the inspector to require Mr. Margitan to provide documentation from his water purveyor or SRHD accepting the water line for residential use. So, in a manner of speaking, had the Hannas not built their drain field in the easement, Mr. Margitan would not have expressed his

concern to the building inspector, and a certificate of occupancy would have been issued.
It was in this vein that the building inspector agreed that the drain field's location led to
the certificate of occupancy not being issued.

We do not believe that this aspect of the building inspector's testimony warranted
submission of the Margitans' claims to the jury.

> Legal causation is one of the elements of proximate causation and is
> grounded in policy determinations as to how far the consequences of a
> defendant's acts should extend. A determination of legal liability will
> depend upon mixed considerations of logic, common sense, justice, policy,
> and precedent. Where the facts are not in dispute, legal causation is for the
> court to decide as a matter of law.

*Crowe v. Gaston*, 134 Wn.2d 509, 518, 951 P.2d 1118 (1998) (internal quotation marks
and citations omitted).

The following facts are undisputed: In April 2002, Mr. Hanna told his general
contractor that the access and utility easement was 20 feet. It is undisputed that one
month later, he learned that the easement was actually 40 feet wide. This was not
communicated to the general contractor nor was it communicated to the subcontractor
who built the on-site septic system. For this reason, a corner of the drain field encroaches
9 feet into the 40 foot easement. Provided that the water line does not crack near the
drain field, drainage from the septic system cannot enter the pressurized water line. The
facts are also undisputed that Parcel 3's water is public water and is thus drinkable.

13

No. 34746-0-III
*Margitan v. Spokane Reg'l Health Dist.*

Given these undisputed facts, considerations of logic, common sense, and justice lead us to conclude that Mr. Hanna's mistake in April 2002 should not result in legal liability for Mr. Margitan's August 2014 decision to express his unfounded concerns to the building inspector.

Because the Margitans presented insufficient evidence of interference and proximate cause at trial, the court erred in not granting the Hannas' CR 50(a) motion to dismiss all claims.

Reversed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Korsmo, J.

Pennell, J.

14